UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 07-134-T
:
SOUTHERN UNION COMPANY :

**SOUTHERN UNION COMPANY'S MOTION TO ENLARGE DATES SET IN ARRAIGNMENT AND PRETRIAL DISCOVERY ORDER**

Now comes the Defendant, Southern Union Company ("Southern Union"), and hereby moves to enlarge the dates set forth in the Arraignment and Pretrial Discovery Order by 120 days. Specifically, Southern Union requests that:

- the time for discovery be enlarged 120 days, or until March 17, 2008;
- the time for pretrial motions be enlarged 120 days from December 10, 2007, or until April 8, 2008; and
- the time for all responses and oppositions to any pretrial motions shall be enlarged 120 days from December 20, 2007, or until April 18, 2008.

The Arraignment and Pretrial Order also sets a pretrial conference date of December 10, 2007 at 9:30 a.m. before Magistrate Judge Almond. Southern Union respectfully requests that the pretrial conference date be re-set by the Court as well to a date determined by the Court to be appropriate and more proximate to any re-set trial date should the Court grant Southern Union's motion and enlarge the times set forth in the Arraignment and Pretrial Order.

**Certification Pursuant to Local Rule 12(c)**

Counsel for Southern Union has conferred with counsel for the Government in accordance with the Arraignment and Pretrial Order, paragraph I(D) and counsel for the Government has informed Southern Union that although the Government would not object to a 60-day enlargement, the Government would object to any enlargement greater than 60 days.

**Statement Pursuant To Local Rule 12(f)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past, although Southern Union previously filed a motion to enlarge the time to file a motion seeking a bill of particulars. That motion is *sub judice*.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: November 29, 2007

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 07-134-T
:
SOUTHERN UNION COMPANY :

**SOUTHERN UNION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENLARGE DATES SET IN ARRAIGNMENT AND PRETRIAL DISCOVERY ORDER**

## BACKGROUND

On November 2, 2007, Southern Union Company ("Southern Union") requested discovery from the Government. On November 13, 2007, the Government responded to Southern Union's discovery request and provided voluminous discovery materials to Southern Union. These discovery materials included, *inter alia*, a DVD of grand jury transcripts and Investigative Activity Reports (IARs) of 29 individuals, as well as various reports of examinations and tests, a summary of expected expert testimony, and additional materials which, to the best of Southern Union's present ability to estimate, amount to 40 to 50 binders (of approximately 500 pages per binder).[1]

In its discovery response, the Government also stated that it is in possession of 21 banker's boxes and 4 smaller boxes of documents that Southern Union provided pursuant to grand jury subpoenas. The Government also disclosed that it is in possession of certain other tangible evidence (including a device provided by an unnamed person the Government described

[1] Southern Union has received to date transcripts of 21 witnesses who testified at the grand jury (some of whom testified on more than one occasion) and IARs for 26 witnesses (some of whom provided multiple IARs).

as "an employee of the defendant," an audio recording, reports of examinations and tests and technical reports of an Environmental Protection Agency chemist and government-identified expert witness.

Finally, in this regard, the Government stated that it had an additional box of documents provided by a former Southern Union employee that the Government was in the process of scanning and that when those documents were available, they would be provided to Southern Union on disk. To date, the documents/disk have not been provided to Southern Union.

## ARGUMENT

The discovery materials provided by the Government to date are complex and voluminous and it will take a substantial period of time for Southern Union's counsel to review and analyze them. The times presently set forth in the Arraignment and Pretrial Order are not realistic under the circumstances. Nor is the Government's position that it would not object to 60 days enlargement realistic. This is a case where the Government investigated this matter for approximately three years, called dozens of witnesses to the grand jury, interviewed many more, and compiled tens of thousands of pages of discovery materials.

Additionally, this complex case involves not only thousands of documents, scores of transcripts and tangible evidence, but significant legal issues which will need to be researched, briefed and argued. Based on the Government's expert witness disclosure, there is also a possibility of a *Daubert*/*Kumho Tire* challenge that will need to be researched and prepared.

Southern Union believes that it has valid and substantial defenses to the charges brought in the Indictment, but it needs time fully and adequately to review and analyze the voluminous discovery materials, and to meet and confer with the Government pursuant to LR Cr 12(c)

concerning potential disagreements with the Government on the Government's discovery responses.

Finally, Southern Union has a constitutional right to present a defense and it needs the additional time requested to review and analyze the materials it has received from the Government (including discovery material it still has not received), determine whether it needs to retain expert witnesses, research and brief motions and otherwise prepare its defense. Consequently, Southern Union submits that its request for 120 days enlargement is reasonable, appropriate and necessary under these circumstances and that if the enlargement is not granted, Southern Union will be severely prejudiced.

## CONCLUSION

For these reasons, Southern Union requests that the Court grant its motion and enlarge the dates in the Arraignment and Pretrial Order by 120 days.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: November 29, 2007

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2007, I served a true copy of the within Motion and supporting Memorandum of Law *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*436336_1.doc*