**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134T |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO ENLARGE DATES SET IN ARRAIGNMENT AND PRETRIAL DISCOVERY ORDER**

Defendant Southern Union Company has asked this Court to enlarge the dates set in the arraignment and pretrial discovery order by 120 days. The Government has agreed to a 60-day enlargement of the dates. Because an additional 60-day enlargement of the dates is unwarranted in this case, the Government opposes the Defendant's motion and respectfully asks this Court to deny it.

**INTRODUCTION**

On October 16, 2007, the grand jury returned an indictment charging Defendant Southern Union Company with two counts of illegal storage of hazardous waste without a permit under the Resource Conservation and Recovery Act ("RCRA") and one count of failure to immediately report the spill of a hazardous substance under the Emergency Planning and Community Right to Know Act ("EPCRA"). The charged conduct involved the illegal storage of mercury waste at the Defendant's vacant Tidewater facility, the subsequent release of the mercury waste into the community, and the Defendant's failure to immediately notify the proper local and state authorities about the release.

On October 29, 2007, the Defendant was arraigned, and by order of this Court, a December 21, 2007 trial date was set, with associated discovery and pretrial motion deadlines. The Defendant now seeks an unwarranted four-month enlargement of those dates. The Government has agreed to a two-month enlargement.

**ARGUMENT**

This is not a complex case. The grand jury returned a one-defendant, three-count indictment involving two environmental statutes and their regulations, with which this sophisticated Defendant has been long familiar. All of the charged conduct relates to the Defendant's illegal storage of one hazardous substance—mercury—at one location—its Tidewater facility— and the company's response to the mercury waste spill on one particular date—October 19, 2004. The criminal investigation has been well-known to the Defendant since its inception shortly after the discovery of the spill. Moreover, on information and belief, the Defendant conducted its own internal investigation into the spill, the results of which have not been disclosed to the Government.

The Defendant's own documents constitute the majority of the Government's disclosure in this case. Needless to say, the Defendant has had more complete access to these documents for a longer period of time than the Government has. The second largest group of disclosed documents come from the Defendant's consultants, with regulatory entity files making up the substantial balance of the documents, many of which are originally Defendant's documents that were at some point provided to the agency.

With the exception of the Defendant's own documents, the Government provided all of

the discovery in electronic format so it could be easily uploaded to a searchable database of the Defendant's choice. This was done, in part, to facilitate the discovery process and save the Defendant the time and expense of preparing and scanning the hard-copy documents. With regard to the one additional box of documents referenced by the Defendant, the Government provided electronic images of those documents to the Defendant on November 30, 2007, and the documents are all company documents.

Virtually all of the witnesses for which the Government has provided testimony, either in the form of grand jury transcripts or Investigative Activity Reports, are current or former employees of the Defendant. It is reasonable to assume that, at a minimum, the Defendant has had access to its current employees both before and after their grand jury testimony.

While the Defendant raises the specter of a *Daubert/Kumho* type hearing, the Government's expert witness disclosure is, in fact, very routine. It consists, in large part, of testimony by an Environmental Protection Agency chemist about his analysis of a grand total of six samples to determine if they were mercury and their toxicity based on specific EPA sampling methods. The analysis performed in this case is essentially the environmental equivalent of a chemist's analysis in a drug case.

The Defendant clearly has a constitutional right to present a defense. Sixty additional days is ample time in which to prepare its defense, and the Defendant will not be prejudiced if its request for 120 days enlargement is denied.

**CONCLUSION**

For these reasons, the Government respectfully requests that this Court deny Defendant Southern Union Company's motion to the extent that it asks that the dates in the Arraignment and Pretrial Order be enlarged more than 60 days.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2007, a copy of the within Government's Objection to Government's Objection to Defendant's Motion to Enlarge Dates Set in Arraignment and Pretrial Discovery Order was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov