UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-134-T |
| | : | |
| SOUTHERN UNION COMPANY | : | **ORAL ARGUMENT REQUESTED** |

**SOUTHERN UNION COMPANY'S MOTION FOR THE COURT TO DIRECT THE GOVERNMENT TO FILE A BILL OF PARTICULARS**

Now comes Southern Union Company ("Southern Union") and hereby requests, pursuant to Fed.R.Crim.P. 7(f) that the Court direct the Government to file a Bill of Particulars. The grounds for the Bill of Particulars, as well as the matters to be addressed in the Bill of Particulars, are contained in the Memorandum of Law which is filed herewith.[1]

**Certification Pursuant to Local Rule 12(c)**

Pursuant to Local Rule 12(c), defense counsel have notified counsel for the Government of Southern Union's request for a Bill of Particulars, and have been informed that the Government will not comply with Southern Union's request for a Bill of Particulars.

**Statement Pursuant To Local Rule 12(f)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past, although Southern Union previously filed a motion to enlarge the time to file a motion seeking a Bill of Particulars. That motion was granted by Order dated November 29, 2007.

---

[1] By Order dated November 29, 2007, the Court granted Southern Union's motion to extend the time within which Southern Union may file a motion asking the Court to direct the Government to file a Bill of Particulars up to and including December 10, 2007.

**Request for Oral Argument**

In accordance with Local Rule 12(e), Southern Union requests oral argument and estimates that it will need 15 minutes for its presentation.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: December 10, 2007

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-134-T |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**SOUTHERN UNION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR THE COURT TO DIRECT THE GOVERNMENT TO FILE A BILL OF PARTICULARS**

On October 16, 2007, a grand jury returned an Indictment against Southern Union Company ("Southern Union"), which Indictment alleges violations of 42 U.S.C. § 6928(d)(2)(A), 42 U.S.C. §11045(b)(4), and 18 U.S.C. §2. The Indictment does not specify how, when, or by what means the liquid mercury allegedly stored at the Tidewater facility became a solid waste under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.* and 40 C.F.R. § 261.2(a)(1) and what actions, if any, were taken by Southern Union to cause the liquid mercury to become a solid waste.

Additionally, the Indictment does not specify how, when, or by what means the Mercury Sealed Regulators ("MSRs") allegedly stored at the Tidewater facility became a hazardous waste subject to hazardous waste storage permit requirements and what actions, if any, were taken by Southern Union that transformed the MSRs from universal waste authorized under Rhode Island's RCRA program to hazardous waste that would be subject to hazardous waste storage permit requirements.

A Bill of Particulars serves to inform a defendant, such as Southern Union, of the nature of the charges against it with sufficient precision to provide the defendant with detail of the charges against it so as to enable it to prepare for its defense at trial, to avoid or minimize the

danger of a surprise at trial, and to protect against double jeopardy. *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). The 1966 Amendments to Fed.R.Crim.P. 7(f) were intended to liberalize discovery by eliminating any requirement that cause be shown before a court may grant a Bill of Particulars (*Id.*); and a federal trial court has broad discretion in ruling on a defendant's request for a Bill of Particulars. *Will v. United States*, 389 U.S. 90, 99 (1967). Here, unless Southern Union receives the information requested in the Bill of Particulars, it will not be able to adequately prepare its defense and Southern Union may be severely prejudiced by the Government's attempt to introduce unexpected evidence at trial. Additionally, in the absence of a Bill of Particulars, Southern Union will be deprived of the right to know the details of the Government's theory of prosecution.

This requested information is not only relevant, but critical to both factual and legal defenses that Southern Union has to the charges, and it also may be highly relevant to constitutional challenges to the Indictment. The Government admits in the Indictment that the liquid mercury stored at Tidewater was initially a commercial chemical product. Moreover, the MSRs were universal waste under Rhode Island's authorized RCRA program. If the liquid mercury and the MSRs retained their status as a commercial chemical product and universal waste, the Government could not indict under RCRA [42 U.S.C. § 6928 (d)(2)(A)]. The Government apparently now contends that while storing these products at Tidewater, Southern Union took "unspecified" actions that somehow transformed the liquid mercury and MSRs from a commercial chemical product and universal waste to a hazardous waste subject to RCRA's permitting requirements. Southern Union cannot adequately defend this Indictment unless the Government discloses when this transformation took place and what actions caused it to take place. Moreover, Southern Union may have a constitutional challenge to the relevant

environmental statutes as applied to Southern Union or, alternatively, the statutes on their face may be unconstitutional if they are interpreted in a manner consistent with the Government's theory.

For these reasons, Southern Union requests that the Court direct the Government to provide Southern Union with a Bill of Particulars as follows:

**Bill of Particulars**

*Liquid Mercury:*

Identify the date when the Government contends the liquid mercury stored at the Tidewater facility became a solid waste under RCRA and 40 C.F.R. 261.2(a)(1), and what actions, if any, were taken by Southern Union to cause the mercury to become a solid waste.

*Mercury Sealed Regulators:*

Identify the date when the Government contends the mercury sealed regulators at the Tidewater facility became a hazardous waste subject to hazardous waste storage permit requirements and what actions, if any, were taken by Southern Union that transformed the MSRs from universal waste under Rhode Island's authorized RCRA program to hazardous waste subject to the hazardous waste storage permit requirements.

## CONCLUSION

For the reasons stated, Southern Union requests that its Motion be granted and that the Court direct the Government to provide Southern Union with a Bill of Particulars as set forth herein.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: December 10, 2007

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2007, I served a true copy of the within pleading *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*437840_1.doc*