**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.07-134T |
| | ) | |
| SOUTHERN UNION COMPANY | ) | |

**GOVERNMENT'S OBJECTION TO SOUTHERN UNION COMPANY'S**
**MOTION FOR BILL OF PARTICULARS**

Now comes the United States and hereby objects to Southern Union Company's Motion For Bill of Particulars for the reasons stated in the attached Memorandum of Law.

Because the Motion can be easily resolved based on the pleadings, the government does not believe that oral argument is necessary. The government agrees with the Rule 12(f) Speedy Trial Act statement made by the defendant.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Asst. U.S. Attorney
Regional Criminal
Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.07-134T |
| | ) | |
| SOUTHERN UNION COMPANY | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO SOUTHERN UNION COMPANY'S MOTION FOR BILL OF PARTICULARS**

Defendant Southern Union Company (SUC) has moved for a bill of particulars which essentially seeks evidentiary particulars, as well as the government's theory of the case. As is well-settled, a defendant may not use Rule 7(f) to discover those matters. Additionally, the factual detail in the 11-page indictment, in conjunction with tens of thousands of pages of discovery provided to the defendant, more than adequately inform it of the nature of the charges. Therefore, the government objects to the Motion.

**I. The Indictment.**

The Resource Conservation and Recovery Act (RCRA) provides a statutory scheme, including various criminal offenses, for comprehensive "cradle to grave" management of hazardous wastes. Counts 1 and 3 of the indictment charge the defendant with illegally storing a hazardous waste, mercury, without a permit, in violation of RCRA, 42 U.S.C. §6928(d)(2)(A). This section reads:

> Any person who knowingly treats, stores, or disposes of any hazardous waste identified or listed under this subchapter without a permit

> under this subchapter . . . shall, upon conviction, be subject to a fine of not more than $50,000 for each day of violation, or imprisonment not to exceed five years, or both.

42 U.S.C. § 6928(d)(2). As pertinent to this case, this statute requires the proof of the following elements:

1. A person
2. knowingly
3. stores
4. a hazardous waste
5. without a permit.

In both Counts 1 and 3, these elements are spelled out specifically. Further, the indictment alleges a copious amount of facts providing ready notice to the defendants as to what they are charged with.

In its essence, the indictment fleshes out the basic allegations in this case: that, between September 2002 and October 19, 2004, the defendant used a largely abandoned facility in Pawtucket to store mercury ( Ind. ¶¶1, 18-23). The company never sought the required permits under RCRA. Company officials placed the mercury in a building that, although locked, was unguarded and had been a favorite location for trespassers and vandals. The mercury was stored not in secure vessels, but in various containers, including breakable glass jars and a paint can. These containers were then stashed in a plywood cabinet.

There they stayed until September of 2004 when the mercury was (predictably) discovered by local youths who had broken into the abandoned building.

## II. Discussion.

### A. Bills of Particulars.

Bills of Particulars are governed by Fed. R. Crim. P. 7(f), which provides,

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The function of a bill of particulars is to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise against trial, and to protect against double jeopardy." United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992). Given the nature of modern federal charging practice, bills of particular are seldom granted. Indeed, as the First Circuit stated in United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993),

> [m]otions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

Id. at 1192-93. Where the indictment or discovery provide the

sought after details, a bill of particulars should be denied. Id. at 1193.

A bill of particulars is not to be used as a general discovery device, nor does Rule 7(f) entitle a defendant to a list of the government's prospective witnesses. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978); United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Dubon-Otero, 76 F.Supp.2d 161, 168 (D.P.R. 1999). "Because a bill of particulars confines the Government's proof to particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987).

**B. The defendant's request amounts to an attempt to force the government to disclose its legal theory.**

Here, the defendant's requests are nothing more than a bald effort to compel the government to disclose its theory of the case. A bill of particulars cannot be used "as a device to compel disclosure of the Government's evidence or its legal theory prior to trial." Feola, 651 F.Supp. at 1132. The defendant here makes essentially the same particularization request as to both Counts 1 and 3 of the indictment:

> As to Count 1: Identify the date when the Government contends the liquid mercury stored at the Tidewater facility became a solid

waste under RCRA and 40 C.F.R. 261.2(a)(1), and what actions, if any, were taken by Southern Union to cause the mercury to become a solid waste.

As to Count 3: Identify the date when the Government contends the mercury sealed regulators at the Tidewater facility became a hazardous waste subject to hazardous waste storage permit requirements and what actions, if any, were taken by Southern Union that transformed the MSRs from universal waste under Rhode Island's authorized RCRA program to hazardous waste subject to the hazardous waste storage permit requirements.

Date. In both requests, the defendant seeks the date that a vague event (mercury "becoming" waste or being "transformed" into hazardous waste). Both counts inform the defendant of the range of dates during which the offense was committed.[1] It should be obvious that the defendant is *not* charged with making mercury into a waste, or "transforming" MSRs into hazardous waste. The crime charged is the unlawful *storage* of a hazardous waste without a permit. The indictment provides a date range during which that crime was committed. Nothing further is required for the indictment to be sufficient. See United States v. Paredes-Rodriguez, 160 F.3d 49, 56 (1st Cir. 1998); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 949 (1974); United States v. Morris, 700 F.2d 427 (1st Cir.), cert.

[1] Count 1 alleges that the illegal storage of the liquid waste mercury took place from approximately September 19, 2002 until October 19, 2004. Count 3 alleges that the illegal storage of the mercury contained in the MSRs took place from March 25, 2003 until October 19, 2004.

denied, Graham v. United States, 461 U.S. 947 (1983) (where particular date is not substantive element of crime charged strict chronological accuracy is not required and variance with date alleged and date proved is permitted).

The Government's Theory of the Case. The balance of the defendant's request seeks nothing more than to force the government to particularize its legal theory in this case. Indeed, the defendant admits as much in its Memorandum.[2] As previously stated, a bill of particulars should not be granted when the defendant is simply seeking the government's theory of the case. Feola, supra; United States v. Dubon-Otero, 76 F.Supp.2d 161, 169 (D.P.R. 1999). This point was firmly stated by Judge Cooper of the Southern District of New York:

> We state emphatically that the law does not impose upon the Government an obligation to preview its case or expose its legal theory. Nor is the Government "required to disclose ... the manner in which it will attempt to prove the charges". Further, the Government has no duty to disclose the precise manner in which the crimes alleged in the indictment were committed.

United States v. Leonelli, 428 F.Supp. 880, 882 (S.D.N.Y. 1977) (citations omitted). The defendant's request for the acts of the defendant that "transformed" mercury into waste mercury cannot be described as anything but an attempt to discover the government's

[2] "Additionally, in the absence of a Bill of Particulars, Southern Union will be deprived of the right to know the details of the Government's theory of prosecution." Def. Mem. at 2.

legal theory. The defendant cites no authority for the particular request it makes in this case.

**C. The Indictment and discovery provide more than adequate notice of the details the defendant seeks.**

As stated previously, a defendant is not entitled to a bill of particulars if the indictment itself and the discovery provided supply the sought after information. In United States v. Sepulveda, the First Circuit noted that

> both appellants enjoyed the benefits of modified open-file discovery, i.e., automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement. Neither appellant convincingly relates a concrete instance of inability to prepare, untenable surprise, or other cognizable prejudice stemming from the trial court's refusal to mandate further particulars.

15 F.3d 1161, 1192-93 (1st Cir. 1993); see also United States v. Leach, 427 F.2d 1107, 1109 (1st Cir. 1970).

The Indictment. Here, the indictment supplies many details to narrowly tailor the charges. By way of example:

- The place of the offense, the SUC facility at 91 Street, Pawtucket, is specifically noted. (Ind. ¶¶1, 29, 37).
- The indictment specifies that the government is relying on mercury's toxicity as the factor which makes it hazardous. (Ind. ¶6).
- The manner in which the mercury regulators came to be at Tidewater is spelled out in detail. (Ind. ¶¶8-12).
- Efforts by an SUC official to get rid of the mercury as "waste" are detailed. (Ind. ¶¶12, 14, 16).

- The manner of delivery to Tidewater and the types of containers for some of the liquid mercury are alleged. (Ind. ¶¶14, 15, 16).

- The dilapidated and unsecured conditions under which the mercury was stored, and the company's knowledge of such conditions, are detailed. (Ind. ¶¶18-23).

- The indictment provides details and a time frame regarding the break-in at the storage site, and the subsequent spread of the mercury into a residential area. (Ind. ¶24-27).

Discovery. As in Sepulveda, the government is following a modified open-file system of discovery with the defendant. In addition to documents supplied during the grand jury investigation by the defendant (approximately 50,000 pages), the government has provided the defendant thus far with approximately 20,000 pages of documents and photographs. It should be noted that among those documents are grand jury transcripts and interview reports of all past and present employees of SUC (approximately 20). The testimony of these employees forms the heart of the government's case against the defendant, and, although the Jencks Act might allow the government to delay disclosure of those materials, they have been provided in discovery.

For all of the foregoing reasons, the defendant's Motion for a Bill of Particulars should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Asst. U.S. Attorney
Regional Criminal
Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, a copy of the within Government's Objection to Southern Union Company's Motion For Bill of Particulars was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov