UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 07-134-T
:
SOUTHERN UNION COMPANY :

**DEFENDANT SOUTHERN UNION COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR BILL OF PARTICULARS**

The Government's objection to Southern Union Company's ("Southern Union") Motion for Bill of Particulars misses the point. Southern Union is not attempting to use the Bill of Particulars as a "general discovery device" (Government Memorandum at 4). Nor is Southern Union attempting to obtain a list of the Government's prospective witnesses. (Id). Southern Union also is not attempting to "restrict unduly the Government's ability to present its case." (Id). And, finally, Southern Union is not attempting to use the Bill of Particulars "as a device to compel disclosure of the Government's evidence or its legal theory prior to trial." (Id). Rather, Southern Union is seeking a Bill of Particulars for specific and appropriate reasons:

- The Government admits that the Indictment does not disclose when the liquid mercury allegedly stored at the Tidewater facility became a solid waste under RCRA and 40 C.F.R. 261.2(a)(1). Nor does it disclose the actions, if any, taken by Southern Union to cause the mercury to become a solid waste (Count I of the Indictment); and

- The Government admits that the Indictment does not disclose the date when the Mercury Sealed Regulators [MSRs] allegedly stored at the Tidewater facility became a hazardous waste, subject to hazardous waste permit requirements. Nor does it disclose what actions, if any, were taken by Southern Union to transform the MSRs from universal waste under Rhode Island's authorized RCRA program to hazardous waste, subject to hazardous waste permit requirements (Count III of the Indictment).

This specific and focused information is what Southern Union is seeking to obtain in the Bill of Particulars; and none of the information requested is contained in the Indictment. However, all of the information is crucial to Southern Union's defense. The Government concedes that at some point in time the alleged storage of liquid mercury and MSRs at the Tidewater facility *was not a crime*. Consequently, something happened *to make their alleged storage a crime*; and at some time (a *specific* date) the alleged storage of the liquid mercury and MSRs must have become criminal. The Indictment does not disclose that date.

Southern Union is charged with violating criminal environmental statutes. The gravamen of the Government's case is its contention that at some point in time Southern Union took one series of actions that transformed a commercial chemical product [the liquid mercury] being stored for recycling into a hazardous waste, and a second series of actions that transformed universal waste [the MSRs] into a hazardous waste. In the absence of these "transformations," there can be no crime. The Government concedes in its Memorandum in Objection to the Bill of Particulars that both the manner and the date when any mercury became a waste or was transformed into a hazardous waste is a "vague event." (Government Memorandum at 5). That is precisely why a Bill of Particulars is necessary. That so-called "vague event" serves as the basis for the criminal charges and the Indictment the Government has brought against Southern Union. Criminal defendants are entitled not to be charged based on "vague events." Rather criminal defendants have the right to be given adequate notice of what specific conduct, at what specific time, constitutes a crime so that they may first guard against committing a crime and second defend against any charges brought by the Government alleging that a crime was committed. The Government has failed to give Southern Union that adequate notice in the

Indictment and, in its Opposition Memorandum, the Government seeks Court sanction to keep this critical information from Southern Union.

Finally, the Government suggests that the problem is cured through a "date range" of more than two years (between September 2002 and October 19, 2004) alleged in the Indictment. This "date range" is wholly deficient as it fails to apprise Southern Union of when the crimes, which serve as the gravamen of the Government's case, actually occurred, and what actions transformed appropriate storage into criminal storage of the liquid mercury and the MSRs.

## CONCLUSION

For these reasons and for the reasons stated in Southern Union's initial memorandum, Southern Union requests that its Motion for Bill of Particulars be granted.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: December 28, 2007

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2007, I served a true copy of the within pleading *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*439269_1.doc*