UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-134T |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Southern Union Company's Motion for the Court to Direct the Government to File a Bill of Particulars. (Document No. 15). The Government filed an Objection to the Motion. (Document No. 16). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on January 11, 2008.

**Background**

The Grand Jury returned a three-count Indictment against Southern Union on October 16, 2007. The Indictment alleges, in brief, that between September 2002 and October 19, 2004, Southern Union used its Tidewater Facility, a vacant building in Pawtucket, Rhode Island, to store mercury-containing regulators and liquid mercury. The Indictment further alleges that in September 2004, several minors broke into the Tidewater Facility and spilled mercury in the building and at a nearby apartment complex. Counts 1 and 3 of the Indictment charge Southern Union with hazardous waste storage without a permit in violation of the Resource Conservation and Recovery Act, 42 U.S.C. § 6928(d)(2)(a) and 18 U.S.C. § 2. Count 2 of the Indictment charges Southern Union with failure to provide emergency notice of the release of a hazardous substance in violation of the Emergency Planning and Community Right to Know Act, 42 U.S.C. § 11045(b)(4), and 18 U.S.C. § 2.

On December 10, 2007, Southern Union filed this Motion requesting that the Government provide a Bill of Particulars. Southern Union specifically requests that the Government:

> 1. Identify the date when the Government contends the liquid mercury stored at the Tidewater facility became a solid waste under RCRA and 40 C.F.R. § 261.2(a)(1), and what actions, if any, were taken by Southern Union to cause the mercury to become a solid waste.
>
> 2. Identify the date when the Government contends the mercury sealed regulators at the Tidewater facility became a hazardous waste subject to hazardous waste storage permit requirements and what actions, if any, were taken by Southern Union that transformed the MSRs from universal waste under Rhode Island's authorized RCRA program to hazardous waste subject to the hazardous waste storage permit requirements.

**Discussion**

Federal Rule of Criminal Procedure 7(f) provides simply that the Court "may direct the government to file a bill of particulars." The decision of whether or not to grant a Motion for Bill of Particulars is a matter committed to the Court's discretion. See Will v. United States, 389 U.S. 90,99 (1967). The First Circuit Court of Appeals has cautioned that, "[m]otions for bills of particulars are seldom employed in modern federal practice." United States v. Sepulveda, 15 F.3d 1161, 1192 -1193 (1st Cir. 1993). The First Circuit has specified that, "when pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." Id. See also United States v. Hallock, 941 F.2d 36, 40 (1st Cir. 1991) ("[a] bill of particulars serves three purposes: to give the accused details concerning the charges against him, enabling him to prepare a defense; to prevent double jeopardy; and to avoid surprise

at trial"). I have considered Southern Union's Requested Bill of Particulars in light of the three purposes of a Bill of Particulars.

Southern Union did not argue in its Motion, and conceded at the hearing, that this case does not present a double jeopardy issue. Thus, the Court must consider whether Southern Union will be able to adequately prepare a defense or will suffer unfair surprise without the requested information. In its Motion, Southern Union makes the bare allegation that, "it will not be able to adequately prepare its defense and...may be severely prejudiced by the Government's attempt to introduce unexpected evidence at trial." Document No. 15 at 4. However, Southern Union also stated that, "[i]n the absence of a Bill of Particulars, Southern Union will be deprived of the right to know the details of the Government's theory of prosecution." Document No. 15 at 4 (emphasis added). Southern Union does not, however, provide legal support for this alleged right. See United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987 ) (a motion for bill of particulars is not a device to compel disclosure of the Government's legal theory prior to trial). At the hearing on this matter, Southern Union retreated from this argument, and stated emphatically that it did not seek the Government's theory of prosecution.

At the hearing Southern Union also narrowed the scope of information sought through the Bill of Particulars. Even though Southern Union initially requested that the Government identify a specific date, at the hearing, Counsel argued that Southern Union is "not trying to pin down" the date that the mercury became a waste, but is instead focused on what actions Southern Union took to discard the mercury.[1] As noted, the Indictment charges Southern Union with hazardous waste

[1] Southern Union also submitted an exhibit to the Court in support of its claim that liquid mercury being held for recycling is not "waste" subject to RCRA. Defendant's Ex. A. The exhibit, an unsigned letter on EPA letterhead,

storage without a permit and with failing to notify appropriate authorities after a mercury spill occurred. Southern Union is not charged with disposing of mercury or with transforming mercury from a pure chemical into waste. The Indictment contains sufficiently detailed allegations as to the storage of mercury at the Tidewater Facility and the spill that allegedly occurred.

Finally, at the hearing on this matter, the Court addressed to Southern Union its concern that Southern Union is using the present motion as a prelude to a Motion to Dismiss the Indictment. In its Motion, Defendant states that the requested information "is not only relevant, but critical to both factual and legal defenses that Southern Union has to the charges, and it may also be highly relevant to constitutional challenges to the Indictment." Document No. 15 at 4. The Court cautioned Southern Union that substantive deficiencies on the face of the indictment must be challenged through a Motion to Dismiss, not by way of a Bill of Particulars. See United States v. DeLeon, 468 F. Supp. 2d 290, 292 (D.N.H. 2007). Although Southern Union admitted that it plans a substantive challenge to the charges levied against it, Southern Union claims that without the requested information, it is not even able to make that substantive challenge. After reviewing the detailed allegations in the Indictment, the Court is not convinced by Southern Union's claims.

## Conclusion

---

dated May 30, 1986, is addressed to the "Bethlehem Apparatus Company" from Matthew Straus, an individual identified as "Chief, Waste Identification." Although the Government conceded that the letter is posted on the EPA's website, there is no basis for this Court to conclude that the letter is applicable to the facts presented in this case. There is nothing currently before the Court to establish that the author of the letter is authorized to speak for the EPA on such issues, nor has the Court been provided any context as to whether the EPA's opinion might have changed in the twenty-plus years since the letter was written. Finally, since the entity that apparently requested the EPA's opinion was a mercury recycler, it does not appear to directly apply to the present facts, where Southern Union, a utility company and not a recycler, is charged with unlawful storage of waste mercury, and failure to report a mercury spill.

The eleven-page Indictment returned by the Grand Jury is factually detailed and the timeframes alleged in the Indictment are sufficiently specific and narrow to allow Southern Union to fairly prepare its defense. A Bill of Particulars is not necessary in this case in order to enable Southern Union to prepare its defense or to prevent unfair surprise at trial. Southern Union has been given adequate notice of the charges pending against it, and any substantive challenge to these charges must be made in the context of a Motion to Dismiss and not one for a Bill of Particulars. Thus, the Motion for a Bill of Particulars is DENIED.

So ordered.

PER ORDER:

/s/ Jeannine Noel
Deputy Clerk

ENTER:

/s/ Lincoln D. Almond
Lincoln D. Almond
United States Magistrate Judge
January 11, 2008