UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-134-T |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MOTION TO COMPEL DISCLOSURE OF OTHER CRIMES, WRONGS OR ACTS UNDER FED.R.EVID. 404(b)**

Defendant, Southern Union Company ("Southern Union"), hereby moves for an order compelling the Government to disclose all evidence of other crimes, wrongs, or acts that the Government may seek to introduce against Southern Union under Fed.R.Evid. 404(b). Southern Union has previously made a request to the Government for this information and has received no response. This request explicitly includes evidence that the Government intends to use for impeachment or for rebuttal. Southern Union also requests that the Government be instructed to send the information to Southern Union's defense counsel, rather than file it in court; or if any such information must be filed, then the Government should file under seal any response that details any such evidence.

For grounds of its motion, Southern Union relies on its accompanying memorandum of law.

**Certification Pursuant to Local Rule 12(c)**

Pursuant to Local Rule 12(c), defense counsel have notified counsel for the Government of Southern Union's request contained herein, and the Government has not complied with Southern Union's request.

**Statement Pursuant To Local Rule 12(d)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past.

**Request for Oral Hearing Under Local Rule 12(e)**

Southern Union requests an oral hearing on this motion under Local Rule 12(e) on the ground that this motion raises issues that can best be clarified in such a hearing. Defendant anticipates that such a hearing would last no more than fifteen (15) minutes.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: February 26, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 07-134-T |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCLOSURE OF OTHER CRIMES, WRONGS OR ACTS UNDER FED.R.EVID. 404(b)**

Defendant, Southern Union Company ("Southern Union") has moved for an order compelling the Government to provide notice of its intention to introduce evidence of other crimes, wrongs, or acts under Fed.R.Evid. 404(b). This Rule requires that the Government, on request by the accused, must "provide reasonable notice in advance of trial, or during trial, if the court excuses pre-trial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

The Advisory Committee notes make clear that the drafters intended to extend the disclosure requirements beyond evidence intended for the Government's case-in-chief, to include planned impeachment evidence and even rebuttal evidence: "The [1991] Amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, *i.e.*, during its case-in-chief, for impeachment, or for possible rebuttal." Advisory Committee Notes, 1991 Amendment, ¶5. The Advisory Committee Notes further state that satisfaction of the notice requirement is a "condition precedent to the admissibility of 404(b) evidence, …". The clear purpose of this portion of Rule 404(b) is to allow the defense an opportunity to prepare appropriate motions *in limine* challenging the proffer of alleged

misconduct evidence. Southern Union suggests that Rule 404(b)'s notice requirement should be read in conjunction with Rule 12(b)(2)'s requirement of adequate specification prior to trial in order to permit the filing of exclusionary motions.

Finally, federal courts have recognized that sealing may be appropriate to prevent premature disclosure of Rule 404(b) material. *United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986), *cert. denied sub nom, Tribune Co. v. United States*, 480 U.S. 931 (1987).

## CONCLUSION

For these reasons, Southern Union requests that its motion be granted.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: February 26, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

*Attorneys for Southern Union Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2008, I served a true copy of the within pleading *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*445004_1.doc*