**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134T |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE THE IDENTITY OF PERSONS WHOM THE GOVERNMENT ALLEGES ARE OR WERE SOUTHERN UNION COMPANY'S AGENTS**

There is no requirement under Federal Rule of Criminal Procedure 16 that the Government disclose the identity of all persons whom the Government alleges are or were the defendant's agents. Rule 16(a)(1)(C) does require the Government to disclose certain oral and written statements of a defendant. *See* Fed.R.Crim.P. 16(a)(1)(A) & (B). In the case of an organizational defendant, Rule 16 requires the Government to disclose statements of the company's directors, officers, employees, or agents if the Government contends that the person making the statement (1) "was legally able to bind the defendant regarding the subject of the statement;" or (2) "was personally involved in the alleged conduct constituting the offense and was legally able to bind the defendant regarding that conduct." *Id*. 16(a)(1)(C). As of the filing of this response, the Government has disclosed all statements of company employees (past and present) and potential agents for the company. To the extent that the defendant's motion seeks more, it should be denied.

With respect to statements of past and present Southern Union employees, the Government has far exceeded its discovery obligations under Rule 16. On ___,November 13,

2007, the Government disclosed to the defendant employee statements, either in the form of Grand Jury transcripts or contained within Investigative Activity Reports, in their entirety without regard for whether the statements met the exact criteria set forth in Rule 16.

With respect to statement made by those non-employees who might be considered agents of the defendant, the Government also has exceeded its discovery Rule 16 obligations. Concurrently with the filing of this response, the Government disclosed to the defendant Grand Jury transcripts and Investigative Activity Reports for those witnesses that were hired by Southern Union in various capacities ranging from security services to environmental consultants, and therefore could be considered Southern Union's agents. After careful consideration, the Government once again decided, out of an abundance of caution, to disclose the transcripts and reports in their entirety even though the majority of the information contained therein is not discoverable under 16(a)(1)(A) & (B).

The defendant has cited no law for the proposition that the Government is required to disclose the identity of persons whom the Government alleges are or were Southern Union Company's agents. Indeed, his request is akin to oft-rejected motions to compel the government to provide a witness list.[1] The existence of an agency relationship is a factual one that the Government will prove at trial by showing that the agent "is performing acts of the kind he is authorized to perform, and those acts [are] motivated—at least in part—by an intent to benefit the corporation." *United States v. Cincotta*, 689 F.2d 238, 242 (1st Cir. 1982). Of course, the

---

[1] Defendants are not ordinarily entitled to witness lists. United States v. Murphy, 480 F.2d, 256, 259 (1st Cir. 1973) (District Court did not abuse its discretion in denying defendant's request for witness list). Absent a "compelling need for disclosure", a motion for a witness list should be denied. United States v. Scalmo, 578 F.2d 888, 890 (1st Cir. 1978) (general need to prepare for cross-examination is not a "compelling need" justifying forced disclosure of witness list).

defendant is in as good of a position as the Government to know what companies or individuals acted, at least in part, for its benefit so that an agency relationship was established.

To the extent that the non-employee statements disclosed by the Government identify certain individuals that the Government may allege were acting as Southern Union's agents, the defendant now has that information. That is all that Rule 16 requires. The defendant's motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2008, a copy of the within United States' Memorandum of Law in Response to Defendant's Motion to Compel the Government to Disclose the Identity of Persons Whom the Government Alleges Are or Were Southern Union Company's Agents was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov