UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MOTION**
**TO PRECLUDE REFERENCE AT TRIAL TO OTHER LAWSUITS**

The Defendant, Southern Union Company, hereby moves, pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a), for an order precluding at trial all evidence of and any reference to other lawsuits in which Southern Union Company, or any of its current or former subsidiaries (collectively, "Southern Union"), are involved. For grounds of its motion, Southern Union relies upon its Memorandum of Law, which is filed herewith.

**Statement Pursuant To Local Rule 12(d)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past, although Southern Union has filed, contemporaneously with this motion, a motion in limine to exclude evidence at trial of the discovery of mercury and remediation and evacuation at the Lawn Terrace Apartment Complex, which deals, in part, with certain of the issues raised herein.

**Request for Oral Hearing Under Local Rule 12(e)**

Southern Union requests an oral hearing on this motion under Local Rule 12(e) on the ground that this motion raises issues that can best be clarified in such a hearing. Defendant anticipates that such a hearing would last no more than fifteen (15) minutes.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE REFERENCE AT TRIAL TO OTHER LAWSUITS**

The Defendant, Southern Union Company, has moved for an order pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a) precluding at trial all evidence of and any reference to other lawsuits in which Southern Union Company, or any of its current or former subsidiaries (collectively, "Southern Union"), are involved. As discussed below, evidence regarding other lawsuits is not relevant to the charges of the Indictment. Alternatively, if the Court finds that such evidence is relevant, it should be precluded on the basis that it is unfairly prejudicial, would waste time at trial and would confuse and mislead the jury.

**Preliminary Statement**

Evidence that Southern Union is a defendant in civil actions before this Court and in other litigation[1] is not relevant to the crimes charged in the Indictment. The Indictment charges Southern Union with one count of storing hazardous waste in the form of liquid mercury without a permit, one count of failure to provide emergency notice of release of a hazardous substance,

[1] Southern Union is a national, publicly-traded corporation. As such, it is involved in a wide range of lawsuits across the country. These suits include *Corvello et al. v. New England Gas Company*, C.A. No. 05-221 (the "Tiverton Litigation") and *Arriaga v. New England Gas Company*, C.A. No. 06-45 (the "Arriaga Litigation"), both of which are pending before this Court.

and one count of storing hazardous waste in the form of mercury sealed regulators without a permit. The charging language is contained in paragraphs 28 through 37 of the Indictment. As explained below, the civil cases involve different facts, different legal theories, or both. Any reference to the other civil actions therefore would serve only to unfairly prejudice the jury against Southern Union and potentially cause the jury to convict Southern Union on an improper basis. Consequently, this Court should preclude reference to or evidence of civil litigation involving Southern Union.

## Argument

### I. Evidence Of Other Lawsuits In Which Southern Union Is Involved Is Irrelevant To The Charges In The Indictment

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "The consequential facts in this litigation are those concerning the liability, if any, of the defendant[ ]." *Dudley v. Bus. Express, Inc.*, Civ. No. 93-581-SD, 1995 U.S. Dist. LEXIS 17725, at *2 (D.N.H. Nov. 28, 1995) (excluding evidence of plaintiff's gambling habits in tort action). Only relevant evidence -- evidence making a fact concerning the liability of Southern Union more probable or less probable -- is admissible at trial. *See* Fed. R. Evid. 402.

Evidence that Southern Union is a defendant in other litigation is not relevant to the pending criminal charges, as this evidence provides no "insight" into Southern Union's liability for the specific charges in the Indictment. *See Walden v. City of Providence*, C.A. No. 04-304A, 2008 U.S. Dist. LEXIS 4721, at *9 (D.R.I. Jan. 23, 2008) (granting defendants' motion in limine to exclude evidence on the grounds that it did not "generally provide insight" into the issues in the case and was "not probative of the issues raised in [the] litigation").

The existence of civil lawsuits that are still pending, and with regard to which Southern Union's liability has yet to be established, in no way makes any fact relevant to the charges in the Indictment more or less probable. Indeed, the allegations in these lawsuits do not constitute facts at all. *See*, *e.g.*, *Estate of Spinosa v. Int'l Harvester Co.*, 621 F.2d 1154, 1157 (1st Cir. 1980) ("pleadings in prior law suits are not evidence of the facts in any particular subsequent suit"). This includes the facts alleged in the Arriaga Litigation, which in certain respects may overlap with the facts alleged in this case, but they are allegations that have not yet been proven by any standard -- much less proven beyond a reasonable doubt.[2]

Consequently, evidence of other lawsuits in which Southern Union is involved must be precluded at trial as irrelevant. *Id.* (finding that because pleadings in prior lawsuits were not evidence of the facts in a subsequent suit, the district court had discretion to exclude such material as irrelevant).

## II. Alternatively, Any Relevance Is Substantially Outweighed By The Risk Of Unfair Prejudice And The Risk Of Misleading And Confusing The Jury

Federal Rule of Evidence 403 works in tandem with Federal Rule of Evidence 401 and provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The Court must employ "a balancing test to determine whether Rule 403 applies, weighing the probative worth of the evidence against its potentially confusing effects. Thus, even whether the evidence may shed light on the disputed issues, the district judge can find the untoward effects of the proffered evidence to be so weighty that the evidence should be

[2] Southern Union is filing contemporaneously a Motion to Strike Surplusage from the Indictment which deals, *inter alia*, with these allegations.

excluded." *Galarneau v. Merrill Lynch*, 504 F.3d 189, 205 (1st Cir. 2007) (internal citations and quotations omitted) (upholding district court's exclusion of evidence under Fed. R. Evid. 403). Under Rule 403's balancing test, unfair prejudice must be avoided. *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) (holding that district court abused its discretion by admitting evidence of defendant's prior bad acts because evidence was unfairly prejudicial). Even assuming, *arguendo*, that the Court finds that evidence of other lawsuits is somehow relevant, the probative value of such evidence is exceedingly minimal and would be substantially outweighed by the fact that its admission would create unfair prejudice, waste time, confuse the issues, and mislead the jury.

To lay persons, such as jurors, who are unfamiliar with the judicial process and rules of evidence, the existence of another lawsuit against Southern Union could engender unfair prejudice against Southern Union. Such evidence will confuse a jury -- particularly where, as here, the civil cases involve different facts, different causes of action and different legal standards. The jury in the present criminal case could determine that Southern Union is a "bad company" -- one that deserves to be convicted irrespective of the facts proved in this case. Such a determination would unfairly prejudice Southern Union. Evidence of other lawsuits should be excluded on this basis alone. *See Old Chief v. United States*, 519 U.S. 172 (1997) ("The term unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged."); *Estate of Spinosa*, 621 F.2d at 1157 n.2 (admission of pleadings from a prior suit "would potentially prejudice the jury").

Finally, evidence of other litigation would serve only to confuse the jury. Such evidence also could result in the *de facto* trial of the other litigation which would waste time during the

course of this criminal trial. *See Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989) ("[I]ntroducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the two other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time."). *See also Weinstein's Fed. Evid.* § 403.05[3][a] (2d ed. 1997) ("[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the parties."). As such, evidence of other lawsuits involving Southern Union should be excluded from the trial in this case.

**Conclusion**

For these reasons, Southern Union requests that its motion to preclude be granted in its entirety.

John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200; Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2008, I served a true copy of the within Motion in Limine to Preclude Reference at Trial to Other Lawsuits and supporting Memorandum of Law *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*448719_1.doc*