UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL OF THE DISCOVERY OF MERCURY AND REMEDIATION AND EVACUATION AT THE LAWN TERRACE APARTMENT COMPLEX**

The Defendant, Southern Union Company ("Southern Union"), hereby moves, pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a), for an order precluding at trial all evidence of and any reference to the discovery of mercury and subsequent evacuation and remediation at the Lawn Terrace Apartment complex ("Lawn Terrace"). For grounds of its motion, Southern Union relies upon its Memorandum of Law, which is filed herewith.

**Statement Pursuant To Local Rule 12(d)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past, although a motion to preclude reference to other lawsuits, including *Arriaga v. New England Gas Company*, C.A. No. 06-45, which deals with events at Lawn Terrace, and a Motion to Strike Surplusage from the Indictment (including reference to events at the Lawn Terrace Apartment Complex) are being filed contemporaneously with this present motion.

**Request for Oral Hearing Under Local Rule 12(e)**

Southern Union requests an oral hearing on this motion under Local Rule 12(e) on the ground that this motion raises issues that can best be clarified in such a hearing. Defendant anticipates that such a hearing would last no more than fifteen (15) minutes.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE EVIDENCE AT TRIAL OF THE DISCOVERY OF MERCURY AND RELATED EVENTS AT THE LAWN TERRACE APARTMENT COMPLEX**

The Defendant, Southern Union Company ("Southern Union") has moved for an order pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a) precluding at trial all evidence of and any reference to the discovery of mercury and subsequent evacuation and remediation at the Lawn Terrace Apartment Complex ("Lawn Terrace"). As shown below, this evidence is not relevant to the charges of the Indictment, is unfairly and highly prejudicial and inflammatory and should be excluded.

**Preliminary Statement**

Based on (1) improper and superfluous allegations in the Indictment concerning the mercury release and related events at Lawn Terrace (which Southern Union is moving to strike by separate motion) and (2) related discovery the Government has provided to date, it appears that the Government intends to introduce at trial irrelevant and unfairly prejudicial evidence that could mislead and inflame the jury. That evidence is not relevant to the charges set forth in the Indictment. That evidence is, however, unfairly prejudicial to Southern Union. The jury will be sympathetic to the Lawn Terrace residents who were potentially exposed to mercury after vandals broke into Southern Union's property, stole its mercury and then released and spread it

around the Lawn Terrace grounds. These facts, however, in no way tend to make more or less probable whether Southern Union needed a permit for storage of liquid mercury or whether Southern Union knowingly and willfully failed to notify the proper authorities that a release in a quantity greater than one pound of mercury had taken place.

Because evidence of the events concerning Lawn Terrace is not relevant to any crime charged in the Indictment, the reference to or introduction of this evidence would only serve to inflame the jury and cause the jury to be angered, if not outraged, toward Southern Union. Such an emotional response would not provide an appropriate basis upon which a jury could convict Southern Union. Therefore, this Court should exclude the evidence at trial.

## **Statement of Facts**

On October 16, 2007, a grand jury issued an indictment against Southern Union ("the Indictment"). The relevant charge of the Indictment for purposes of this motion is the first charge: that Southern Union stored hazardous waste in the form of liquid mercury without a permit. The charging language is contained in paragraphs 28 and 29 of the Indictment.

The Indictment further alleges that "[i]n or about September 2004, three youths entered the Tidewater facility through an opening in the perimeter fence, and broke into the mercury storage building. . . . The youths brought some of the mercury back to a nearby apartment complex and into one of the homes there, and spread it around the apartment complex's grounds." (Indictment at ¶ 24.)

Discovery provided by the Government to Southern Union includes several documents concerning the discovery of mercury at Lawn Terrace and the evacuation of the residents of Lawn Terrace that followed the discovery. These documents also include pictures of the mercury discovered at Lawn Terrace as well as the remediation efforts following the discovery.

**Argument**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "The consequential facts in this litigation are those concerning the liability, if any, of the defendant [ ]." *Dudley v. Bus. Express, Inc.*, Civ. No. 93-581-SD, 1995 U.S. Dist. LEXIS 17725, at *2 (D.N.H. Nov. 28, 1995) (excluding evidence of plaintiff's gambling habits in tort action). Federal Rule of Evidence 403 works in tandem with Federal Rule of Evidence 401 and provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidence of the discovery of mercury and subsequent evacuation and remediation efforts at Lawn Terrace is irrelevant to the crimes charged in the Indictment. For example, the Indictment lays out the following elements for the first charge: the defendant (1) knowingly (2) stored a hazardous waste in the form of elemental mercury (3) without a permit. The Lawn Terrace evidence is not relevant to any of these elements. It does not determine whether the elemental mercury was a product or a waste. It does not tell the jury whether Southern Union needed or had a permit. Indeed, the charge and the relevant evidence would be the same even if the mercury never reached Lawn Terrace.

As such, nothing about the events relating to Lawn Terrace tends to make it more or less probable that Southern Union stored what the Government alleges was hazardous waste without a permit or that Southern Union failed to give notice to the proper authorities of the mercury

release. Even if this evidence were somehow relevant, the evidence has limited probative value that is substantially outweighed by the danger of unfair prejudice to Southern Union.

## I. Evidence Of The Discovery Of Mercury And The Subsequent Evacuation And Remediation At Lawn Terrace Is Not Relevant

Evidence that mercury was found at Lawn Terrace and the subsequent evacuation of the residents of Lawn Terrace is not probative in any way of whether Southern Union is guilty of storing elemental mercury without a permit. This evidence "does not give rise to [relevant] 'consequential facts.'" *Dudley*, 1995 U.S. Dist. LEXIS 17725, at *3. Nor does this evidence "provide insight" into whether Southern Union was required to have a permit to store liquid mercury and mercury sealed regulators at the Tidewater facility or whether Southern Union gave proper notice of the mercury release that occurred in the Fall of 2004. *Walden v. City of Providence*, C.A. No. 04-304A, 2008 U.S. Dist. LEXIS 4721, at *9 (D.R.I. Jan. 23, 2008) (granting defendants' motion in limine to exclude evidence on the grounds that it did not "generally provide insight" into the issues in the case and was "not probative of the issues raised in [the] litigation").

The fact that mercury was later found at Lawn Terrace, which required the evacuation of its residents, is regrettable. The evidence is not, however, relevant to the criminal charges brought against Southern Union. Consequently, the Government should be precluded from introducing this irrelevant evidence -- in the form of photographs, documents or testimony -- at trial.

## II. Alternatively, Any Potential Relevance Is Substantially Outweighed By The Risk Of Unfair Prejudice

Even if evidence concerning the mercury found at Lawn Terrace and the evacuation of residents were somehow relevant, the evidence is far more prejudicial than probative and thus it

should be excluded from trial. The Court must employ "a balancing test . . . weighing the probative worth of the evidence against its potentially confusing inflammatory and prejudicial effects. Thus, even when the evidence may shed light on the disputed issues, the district judge can find the untoward effects of the proffered evidence to be so weighty that the evidence should be excluded." *Galarneau v. Merrill Lynch*, 504 F.3d 189, 205 (1st Cir. 2007) (internal citations and quotations omitted) (upholding district court's exclusion of evidence under FRE 403). Under Rule 403's balancing test, unfair prejudice must be avoided. *United States. v. Varoudakis*, 233 F.3d 113,122 (1st Cir. 2000) (holding that district court abused its discretion by admitting evidence of defendant's prior bad acts because evidence was unfairly prejudicial). "Usually, courts use the terms 'unfair prejudice' for evidence that invites the jury to render a verdict on an improper emotional basis." *Id.*; *United States v. Rodriguez Cortes*, 949 F.2d 532, 541 (1st Cir. 1991) *quoting* Fed. R. Evid. 403 Advisory Committee's note (Federal Rule of Evidence 403 precludes evidence that induces a "decision on a purely emotional basis"). Here, there is a substantial likelihood that if this evidence is referred to or introduced, the jury will be inflamed about mercury contamination at Lawn Terrace caused by the criminal conduct of others, and Southern Union could potentially be convicted not because of its conduct, but, rather, as a result of the jury's anger, an improper emotional basis for conviction.

Thus, the testimony, photographs, and other evidence of the mercury found at Lawn Terrace and the evacuation of residents that followed the discovery of the mercury would serve no purpose other than to attempt to portray Southern Union as a "bad" or negligent company, one deserving of punishment and scorn. *United States v. Burke*, 948 F.2d 23, 27 (1st Cir. 1991) (holding that evidence that did not make any consequential fact more or less probable "served no purpose other than to portray [the defendant] as a bad person" and was inadmissible under Rule

403 because "its scant probative value was outweighed by the danger of unfair prejudice [to the defendant]"). The likelihood that jurors could convict Southern Union of the charged offenses based on the emotional impact of the irrelevant criminal conduct of others (the three vandals who broke into the Tidewater facility) constitutes unfair prejudice to Southern Union and substantially outweighs any potential probative value of this evidence.

**Conclusion**

For these reasons, Southern Union requests that its motion to exclude evidence be granted.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2008, I served a true copy of the within Motion in Limine to Exclude Evidence at Trial of the Discovery of Mercury and Remediation and Evacuation at the Lawn Terrace Apartment Complex and supporting Memorandum of Law *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*448718_1.doc*