UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL ABOUT THE PHYSICAL CONDITIONS OF AND LACK OF SECURITY AT THE TIDEWATER SITE**

The Defendant, Southern Union Company ("Southern Union"), hereby moves, pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a), for an order excluding all evidence and reference at trial about the physical conditions of and lack of security at all buildings and grounds at 91 Tidewater Street in Pawtucket, Rhode Island ("the Tidewater site"). For grounds of its motion, Southern Union relies upon its Memorandum of Law, which is filed herewith.

**Statement Pursuant To Local Rule 12(d)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past.

**Request for Oral Hearing Under Local Rule 12(e)**

Southern Union requests an oral hearing on this motion under Local Rule 12(e) on the ground that this motion raises issues that can best be clarified in such a hearing. Defendant anticipates that such a hearing would last no more than fifteen (15) minutes.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE**
**TO EXCLUDE REFERENCE AT TRIAL TO THE PHYSICAL**
**CONDITIONS OF AND LACK OF SECURITY AT THE TIDEWATER SITE**

The Defendant, Southern Union Company ("Southern Union"), has moved for an order precluding all evidence and reference at trial to the physical conditions of and security at all buildings and grounds at 91 Tidewater Street in Pawtucket, Rhode Island ("the Tidewater site") pursuant to Federal Rules of Evidence 401 and 403 and Local Rule 12(a). As shown below, this evidence is not relevant to the charges of the Indictment, is unfairly and highly prejudicial and inflammatory and should be excluded.

**Preliminary Statement**

Based on (1) improper and superfluous allegations in the Indictment concerning the physical conditions of and security at the Tidewater site and (2) related discovery the Government has provided to date, it appears that the Government intends to introduce at trial irrelevant and unfairly prejudicial evidence relating to the Tidewater site's condition and security that could mislead and inflame the jury. That evidence is not relevant and would serve only to unfairly prejudice Southern Union. The jury may be concerned or angered by the conditions of Southern Union's property. These facts, however, in no way tend to make more or less probable whether Southern Union needed a permit for storage of liquid mercury or mercury sealed

regulators or whether Southern Union knowingly and willfully failed to notify the proper authorities that a release in a quantity greater than one pound of mercury had taken place.

Because evidence concerning the physical conditions of and the lack of security at Tidewater is not relevant to any crime charged in the Indictment, the reference to or introduction of this evidence would only serve to inflame the jury and cause the jury to be angered, if not outraged, toward Southern Union. Such an emotional response would not provide an appropriate basis upon which a jury could convict Southern Union. Therefore, this Court should exclude the evidence at trial.

## **Statement of Facts**

On October 16, 2007, a grand jury issued an indictment against Southern Union ("the Indictment"). The Indictment charges Southern Union with one count of storing hazardous waste in the form of liquid mercury without a permit, one count of failure to provide emergency notice of release of a hazardous substance, and one count of storing hazardous waste in the form of mercury sealed regulators without a permit. The charging language in the Indictment is contained in paragraphs 28 through 37.

According to the Indictment, the Tidewater site consists of "several vacant buildings and two unused gas storage tanks." (Indictment at ¶ 1(c).) The Indictment states further that "the Tidewater facility was in various states of disrepair, which included gaps in the perimeter fencing, extensive graffiti on the vacant buildings, broken windows and doors, and overgrown vegetation." (Indictment at ¶ 18.)

The Government's production to Southern Union included hundreds of photographs of the buildings and grounds at 91 Tidewater Street. These photographs include images of the following[1]:

- graffiti on various buildings and structures at the Tidewater site;
- shrubbery and broken fences surrounding the Tidewater site and broken windows in certain buildings at the Tidewater site; and
- shelters purportedly built by homeless people in certain buildings at the Tidewater site.

**Argument**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "The consequential facts in this litigation are those concerning the liability, if any, of the defendant[ ]." *Dudley v. Bus. Express, Inc.*, Civ. No. 93-581-SD, 1995 U.S. Dist. LEXIS 17725, at *2 (D.N.H. Nov. 28, 1995) (excluding evidence of plaintiff's gambling habits in tort action). Federal Rule of Evidence 403 works in tandem with Federal Rule of Evidence 401 and provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidence of the physical conditions of and the lack of security at the Tidewater site is irrelevant to the crimes charged in the Indictment. For example, the Indictment lays out the following elements for the first charge: the defendant (1) knowingly (2) stored a hazardous

---

[1] Southern Union will provide copies of the photographs to the Court if the Court would find it helpful to the disposition of this motion.

waste in the form of elemental mercury (3) without a permit. The conditions, including the existence of graffiti and broken windows, and the lack of security at the Tidewater site are not relevant to any of these elements. The lack of security and site conditions do not determine whether the elemental mercury was a product or a waste or whether Southern Union needed or had a permit. Indeed, the charge and the relevant evidence would be the same even if Southern Union had around-the-clock security guards and pristine grounds at the Tidewater site.

As such, evidence of the physical conditions and security of the buildings and grounds of the Tidewater site are entirely irrelevant to the crimes charged in the Indictment and should be excluded from trial. Even if this evidence were somehow relevant, the evidence has limited probative value that is substantially outweighed by the danger of unfair prejudice to the defendant.

## I. Evidence Of The Physical Conditions And Lack Of Security At The Tidewater Site Is Not Relevant

The physical condition of the Tidewater site as a whole is not probative in any way of whether Southern Union is guilty of storing hazardous waste without a permit (Counts I and III) or whether it failed to give proper notification of the mercury release in 2004 (Count II). Pictures of, or testimony regarding, graffiti on buildings, homeless shelters, overgrown shrubs and broken fences on the site "does not give rise to 'consequential facts' which are relevant to this litigation." *Dudley*, 1995 U.S. Dist. LEXIS 17725, at *3. This evidence does not "provide insight" into whether Southern Union was required to have a permit to store liquid mercury and mercury seal regulators at the Tidewater site or gave proper notice of the mercury spill that occurred in the Fall of 2004. *Walden v. City of Providence*, C.A. No. 04-304A, 2008 U.S. Dist. LEXIS 4721, at *9 (D.R.I. Jan. 23, 2008) (granting defendants' motion in limine to exclude evidence on the grounds that it did not "generally provide insight" into the issues in the case and

was "not probative of the issues raised in [the] litigation"). Similarly, evidence of the lack of security at the Tidewater site, such as the lack of security personnel on the premises, quality of the locks or other security devices on the premises, or pictures or testimony concerning the barriers to entry into buildings and grounds at the Tidewater site is not relevant to the counts in the Indictment.

Whatever the conditions at the Tidewater site were, those conditions have no relevance to the charges under the Indictment. Those conditions and lack of security do not make Southern Union more or less guilty of storing mercury or mercury seal regulators without a permit, or failing to notify the proper authorities of the mercury release. The Government should be precluded from introducing or making any reference to this irrelevant and prejudicial evidence -- in the form of photographs, testimony or otherwise -- at trial.

## II. Alternatively, Any Potential Relevance Is Substantially Outweighed By The Risk Of Unfair Prejudice

Even if evidence concerning the physical conditions and lack of security of the buildings and grounds at the Tidewater site were somehow relevant, this evidence is more prejudicial than probative and thus should be excluded from trial. The Court must employ "a balancing test . . . weighing the probative worth of the evidence against its potentially confusing effects. Thus, even whether the evidence may shed light on the disputed issues, the district judge can find the untoward effects of the proffered evidence to be so weighty that the evidence should be excluded." *Galarneau v. Merrill Lynch*, 504 F.3d 189, 205 (1st Cir. 2007) (internal citations and quotations omitted) (upholding district court's exclusion of evidence under FRE 403). Under Rule 403's balancing test, unfair prejudice must be avoided. *United States. v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) (holding that district court abused its discretion by admitting evidence of defendant's prior bad acts because evidence was unfairly prejudicial). "Usually,

courts use the terms 'unfair prejudice' for evidence that invites the jury to render a verdict on an improper emotional basis." *Id.; United States v. Rodriguez Cortes*, 949 F.2d 532, 541 (1st Cir. 1991) *quoting* Fed. R. Evid. 403 Advisory Committee's note (Federal Rule of Evidence 403 precludes evidence that induces a "decision on a purely emotional basis").

Here, there is a strong likelihood that the photographs of graffiti on buildings or belongings of homeless people at the Tidewater site will incite an emotional response in jurors. Jurors are likely to be angry with Southern Union for the poor conditions of its property, and potentially convert that anger into a guilty verdict against Southern Union. Southern Union has not been charged with reckless endangerment or criminal negligence. Rather, Southern Union is on trial for failure to obtain permits and for failure to give proper notification of a mercury spill. Consequently, in this case, this evidence serves no proper purpose. *United States v. Burke*, 948 F.2d 23, 27 (1st Cir. 1991) (holding that evidence that did not make any consequential fact more or less probable "served no purpose other than to portray [the defendant] as a bad person" and was inadmissible under Rule 403 because "its scant probative value was outweighed by the danger of unfair prejudice [to the defendant]"). The strong likelihood that jurors could convict Southern Union of one crime based on evidence of another crime for which Southern Union has not been charged constitutes unfair prejudice and substantially outweighs any potential probative value of this evidence. As such, the testimony, photographs, and other evidence of the physical conditions of and lack of security at the Tidewater site are irrelevant, inflammatory, and unfairly prejudicial.

Additionally, by hearing the testimony and seeing the evidence about these conditions, the jurors might be so inflamed as to conclude -- improperly -- that Southern Union is guilty of the charges under the Indictment without finding beyond a reasonable doubt that Southern Union

committed the elements of each of the charges. The inclusion of this evidence at trial will only serve to unjustly harm Southern Union even though the evidence has no relevance to the charges against Southern Union.

**Conclusion**

For these reasons, Southern Union requests that its motion to exclude evidence be granted.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2008, I served a true copy of the within Motion in Limine to Exclude Reference at Trial About the Physical Conditions of and Lack of Security at the Tidewater Site and supporting Memorandum of Law *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*448716_1.doc*