UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR No. 07-134-T |
| | : | |
| v. | : | |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S**
**MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

The Defendant, Southern Union Company ("Southern Union"), hereby moves, pursuant to Federal Rule of Criminal Procedure 7(d) and Local Rule 12(a), for an order striking surplusage in the Indictment. For grounds of its motion, Southern Union relies upon its Memorandum of Law, which is filed herewith.

**Statement Pursuant To Local Rule 12(d)**

The filing and disposition of this motion constitute excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past, although Southern Union is filing contemporaneously a Motion in Limine to Exclude Evidence at Trial of the Discovery of Mercury and Remediation and Evacuation at the Lawn Terrace Apartment Complex and a Motion in Limine to Exclude Evidence at Trial About the Physical Conditions of and Lack of Security at the Tidewater Site, which deal with certain aspects of the subject matter of this motion.

**Request for Oral Hearing Under Local Rule 12(e)**

Southern Union requests an oral hearing on this motion under Local Rule 12(e) on the ground that this motion raises issues that can best be clarified in such a hearing. Defendant anticipates that such a hearing would last no more than fifteen (15) minutes.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: CR No. 07-134-T
:
v. :
:
SOUTHERN UNION COMPANY :

**DEFENDANT SOUTHERN UNION COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT**

The Defendant, Southern Union Company ("Southern Union"), has moved for an order pursuant to Federal Rule of Criminal Procedure 7(d) and Local Rule 12(a) to strike surplusage in the Indictment. As shown below, certain paragraphs of the Indictment are not relevant to the charges, inflammatory, and prejudicial, and thus should be stricken.

## Preliminary Statement

The Government has included improper and superfluous allegations in the Indictment concerning (1) the conditions at Southern Union's former property at 91 Tidewater Street (the "Tidewater site"), and (2) the mercury release and related events at the Lawn Terrace apartment complex ("Lawn Terrace"). In addition to being unfairly prejudicial to Southern Union, these allegations are not relevant to the charges set forth in the Indictment. The less than ideal conditions at the Tidewater site and the mercury release at Lawn Terrace alleged in the Indictment in no way tend to make more or less probable whether Southern Union needed a permit for storage of liquid mercury or mercury sealed regulators (Counts I and III) or whether Southern Union knowingly and willfully failed to notify the proper authorities that a release in a quantity greater than one pound of mercury had taken place (Count II). Therefore, this Court

should strike mention of the conditions at the Tidewater site and the mercury release at Lawn Terrace from the Indictment.[1]

## Argument

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d); *see also United States v. Hoffman*, No. 06-CR-66-P-S, 2006 U.S. Dist LEXIS 89926, at *17 (D. Me. Dec. 12, 2006) (granting defendant's motion to strike surplusage from the indictment in part due to jury confusion). "Surplusage" is "any fact or circumstance set forth in the indictment which is not a necessary ingredient of the offense." *United States v. Manginen*, 565 F. Supp. 1024, 1025 (E.D. Va. 1983), *aff'd*, 788 F.2d 1561 (4th Cir. 1986). A motion to strike surplusage from the indictment should be granted if the language is not relevant to the charges, inflammatory and prejudicial. *United States v. Cooper,* 384 F. Supp. 2d 958, 959 (W.D. Va. 2005), *aff'd*, 482 F.3d 658 (4th Cir. 2007).

The Indictment charges Southern Union with one count of storing hazardous waste in the form of liquid mercury without a permit, one count of failure to provide emergency notice of release of a hazardous substance, and one count of storing hazardous waste in the form of mercury sealed regulators without a permit. The charging language in the Indictment is contained in paragraphs 28 through 37.

In addition, the Indictment contains many paragraphs of superfluous commentary that are irrelevant to the three crimes with which Southern Union is charged. These improper allegations are contained in the section entitled "Lack of Security at the Tidewater Facility," the substance of which appears in paragraphs 18-23. For example, Paragraph 18 states that "the Tidewater

---

[1] Specifically, Southern Union requests that the section entitled "Lack of Security at the Tidewater Facility," including paragraphs 18-23, be stricken in its entirety. Southern Union further requests that paragraphs 24 and 25 be modified to exclude mention of the mercury release at Lawn Terrace.

facility was in various states of disrepair, which included gaps in the perimeter fencing, extensive graffiti on the vacant buildings, broken windows and doors, and overgrown vegetation." If the Indictment is presented to the jury, the inclusion of these paragraphs will inflame them and prejudice Southern Union. The conditions of the Tidewater site have nothing to do with the allegation that Southern Union lacked permits for its storage of elemental mercury and mercury sealed regulators. Likewise, they are irrelevant to the charge that Southern Union failed to notify the authorities of the mercury release. These statements instead serve only the improper purpose of inflaming and prejudicing the jury against Southern Union and, as such, should be stricken from the Indictment.

Likewise, statements in the Indictment regarding the mercury release at Lawn Terrace are irrelevant to the charges of the Indictment as this information has nothing to do with whether Southern Union had the proper permits or failed to notify the proper authorities of the release. As such, paragraphs 24 and 25 in the section entitled "September 2004 Mercury Spill" should be revised to preclude reference to Lawn Terrace. For instance, the allegation in paragraph 24 that "[t]he youths [who had broken into the mercury storage building] brought some of the mercury back to a nearby apartment complex and into one of the homes there, and spread it around the apartment complex's grounds" is inflammatory and highly prejudicial to Southern Union. The jury undoubtedly will be sympathetic to the Lawn Terrace residents who were potentially exposed to mercury after vandals broke into Southern Union's property, stole its mercury and then released and spread it around the Lawn Terrace grounds.

## I. The Superfluous Statements In The Indictment Should Be Stricken Because They Are Not Relevant To The Charges

An indictment "must be a plain, concise, and definite written statement of the *essential* facts constituting the offense charged." Fed. R. Crim. P. 7(c) (emphasis added). The purpose of

the indictment, in part, is "to inform the accused of the nature and cause of the accusation against him." *United States v. Cormier*, 226 F.R.D. 23, 24 (D. Me. 2005) (internal quotations omitted). The test for a sufficient indictment is "whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *Id.* at 25 (internal quotations omitted).

Rule 7(c) "does not contemplate the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant." *Cooper*, 384 F. Supp. 2d at 960. Otherwise, an indictment could grow into "an unreadable monstrosity discussing every piece of evidence that would be conceivably relevant at trial. Indeed, the Government would be free to use an indictment to thoroughly present its case to the jury before the trial even began, at a time when the defendant would not be entitled to defend himself." *Id.* Rather, the question is whether the material in the indictment is necessary to make out a *prima facie* pleading of the violation. Here, the only necessary material in the Indictment is evidence as to the elements of the three crimes with which Southern Union is charged.

For example, the Indictment lays out the following elements for the first charge: the defendant (1) knowingly (2) stored a hazardous waste in the form of elemental mercury (3) without a permit. Clearly, the conditions of the Tidewater site, the security there, and the mercury release at Lawn Terrace are irrelevant to the pleading of any of these elements. These facts do not determine whether the elemental mercury was a product or a waste. They do not tell the jury whether Southern Union needed or had a permit. Indeed, the charge and the relevant evidence would be the same regardless of the conditions at the Tidewater site and even if the mercury never reached Lawn Terrace.

Assuming *arguendo* that the conditions at the Tidewater site and the mercury release at Lawn Terrace were relevant at trial (which they are not)[2], they certainly are not relevant to an effective pleading of the crimes charged and should be stricken from the Indictment.

**II. Inclusion Of These Statements Is Inflammatory And Prejudicial**

Even if evidence concerning the mercury found at Lawn Terrace and the evacuation of residents were somehow relevant, the inclusion of these allegations is highly inflammatory and prejudicial and should be stricken from the Indictment. The Government simply included these statements for "color" and "background," hoping that they would "stimulate the interest of the jurors." *See* Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure 3d* § 128 (2008). The statements likely may have their intended effect, *i.e.*, to inflame the jurors so they will not be able to listen to the evidence impartially in making their decision as to the guilt or innocence of Southern Union on the crimes charged.

Allegations like these – highly inflammatory and prejudicial – are routinely stricken by courts. For example, in *Cooper*, the defendant was charged with thirteen counts of discharging without a permit in violation of the Clean Water Act. The court found that a "litany of [the defendant's] past difficulties with environmental agencies essentially gives the Government an unwarranted extra opportunity to assert claims that are properly reserved for consideration at trial" and, as such, "operates much like an extrajudicial statement in its likely impact and potential for prejudice." *Id.* at 960-61. As such, the court disallowed statements in the indictment that the prosecutor could not make otherwise. *Id.* at 961.

Similarly, in *United States v. Quinn*, the district court held that there was a clear potential for prejudice if statements in the indictment about the policies underlying the trade embargo

---

2 These two topics are the subjects of motions in limine filed by Southern Union on March 20, 2008.

against Iran were presented to the jury. The court stated that "there is a real risk that jurors, if shown the indictment, would give improper weight to its references to terrorism, even if the Court instructs them that the indictment does not constitute evidence. The jury might, therefore, decline to give defendants the benefit of reasonable doubt." 401 F. Supp. 2d 80, 99 (D.D.C. 2005). Furthermore, the court distinguished between jurors' "pre-existing personal views, which each individual juror must pledge to put aside for purposes of deciding the case, and prejudices that are promoted to the entire panel in a government-endorsed document available when jurors retire to consider a verdict – the latter having much more potential to introduce extrinsic considerations into the deliberative process." *Id.*

Here, the introduction of the Indictment's statements regarding the conditions of the Tidewater site and the mercury release at Lawn Terrace would have the improper effect and lead to the improper result of prejudicing jurors against Southern Union on topics that are highly inflammatory and not relevant to the charges against Southern Union.

The deletion of these allegations from the Indictment will not impair the Government's case and such deletion will substantially reduce the possibility of jurors' prejudice towards Southern Union. As such, these statements should be stricken from the Indictment.

**<u>Conclusion</u>**

For these reasons, Southern Union requests that its motion be granted and paragraphs 18-23 be stricken from the Indictment and paragraphs 24-25 be modified as outlined above.

/s/ John A. Tarantino
JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607
Dated: March 20, 2008

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903

DANIEL J. FETTERMAN
KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Southern Union Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2008, I served a true copy of the within Motion to Strike Surplusage from the Indictment and supporting Memorandum of Law *via electronic means (ECF)* on Stephen G. Dambruch, Assistant U.S. Attorney, Terrence P. Donnelly, Assistant U.S. Attorney, Dianne G. Chabot, Special Assistant U.S. Attorney, and Kevin M. Cassidy, Trial Attorney at the United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

/s/ John A. Tarantino

*448712_1.doc*