**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL OF THE DISCOVERY OF MERCURY AND RELATED EVENTS AT THE LAWN TERRACE APARTMENT COMPLEX**

The defendant has moved *in limine* to preclude the government from presenting evidence relating to the spread of Southern Union Company's illegally-stored mercury from the Tidewater facility to a nearby neighborhood residential area. For the reasons stated in the attached Memorandum of Law, the government objects to the Motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL OF THE DISCOVERY OF MERCURY AND RELATED EVENTS AT THE LAWN TERRACE APARTMENT COMPLEX**

The defendant has moved *in limine* to preclude the government from presenting evidence relating to the spread of Southern Union Company's illegally-stored mercury from the Tidewater facility to a nearby neighborhood residential area. To the extent that the motion seeks to prevent the government from proving the spread of mercury from the defendant's facility into the nearby residential complex, it seeks to deny the government the ability to prove essential elements of the charged offenses. Regarding Count 1, the only mercury recovered for testing by EPA laboratory personnel was that recovered from the Lawn Terrace facility. Further, because Count 2 of the indictment requires the government to prove a "release" of mercury into the environment, granting the motion would bar the government from introducing any evidence of such a release. Therefore, because such evidence is relevant at the most basic level in this case, the government objects to the Motion. However, the government agrees that some of the events which took place after the mercury was discovered at the Lawn Terrace apartment complex - most notably the evacuation of the residents - is only tenuously relevant, and, absent some reason to make it relevant, should be excluded from the trial.

**I. Factual Background**

As the indictment outlines, the government anticipates proving in this case that the defendant, Southern Union Company (SUC), illegally stored mercury at its Tidewater Street premises in Pawtucket, Rhode Island. The Tidewater facility, located adjacent to the Seekonk River, is also in close proximity to a residential neighborhood (including a school). In the Fall of 2004, the Tidewater site was largely abandoned: there were no SUC personnel there, there were no security personnel, and the overall condition of the site was what could only be charitably called dilapidated. There was an aging barbed wire fence on the perimeter of the property, but that fence was not well maintained, and contained many gaps and holes. At trial, the government anticipates introducing evidence that Southern Union knew that the property was often traversed by local youths, break-in attempts and vandalism at Tidewater were frequent, and that the site provided an intermittent residence for vagrants. Buildings on the site were decorated with graffiti.

Nevertheless, over the course of at least two years, this is where Southern Union chose to store nearly 100 pounds of liquid mercury, as well as dozens of mercury bearing gas regulators. The mercury was stored - in glass jars, pieces of pipe, and a paint can - in a locked plywood cabinet. Predictably, sometime in September, 2004, several youths who lived nearby went through one of the gaps in the fence, broke into the building housing the mercury, and, after smashing at least one of the glass jars of mercury (thus spilling it on the grounds outside the storage building), the youths brought at least one container of mercury back to the Lawn Terrace Apartments, located on Pleasant Street, just blocks from the Tidewater facility.

It was not until the morning of October 19, 2004, that an employee of Southern Union discovered liquid mercury lying on the ground outside of the Tidewater storage building.

Although an agent of the defendant commenced cleanup of the spill at Tidewater early that afternoon,[1] Southern Union failed to notify local emergency responders, particularly the Pawtucket Fire Department and/or the State Fire Marshal. On October 22, 2004, spilled mercury was discovered at the Lawn Terrace apartments. Investigators from the United States Environmental Protection Agency (EPA) were able to seize samples of mercury from this site. Mercury is considered quite hazardous to human health. Therefore, concerns about mercury contamination at the apartment complex led to the evacuation and extensive remediation efforts there.

**II. The Evidence is Relevant**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In the First Circuit, "the threshold for relevance is very low under Federal Rule of Evidence 401." *United States v. Tutiven*, 40 F.3d 1, 6 (1st Cir. 1994) (quoting *United States v. Cotto-Aponte,* 30 F.3d 4, 6 (1st Cir.1994)); *see also United States v. Nason,* 9 F.3d 155, 162 (1st Cir.1993). "Evidence may be 'relevant' under Rule 401's definition, even if it fails to prove or disprove the fact at issue – whether taken alone or in combination with all other helpful evidence on that issue." *United States v. Candelaria-Silva*, 162 F.3d 698, 704 (1st Cir. 1998) (quoting *United States v. Schneider,* 111 F.3d 197, 202 (1st Cir.1997)). The evidence sought to be excluded by the defendant here is relevant at a very basic level.

[1] Given the rapidity of the cleanup, as well as the lack of notice to law enforcement, liquid mercury from Tidewater was not seized or collected by investigators.

**A. Count 1 - RCRA**

Here, Count 1 alleges a violation of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §6928(d)(2)(A). The government will be obligated to prove the following elements:

1. a person
2. knowingly
3. stores
4. a hazardous waste
5. without a permit.

As to the fourth element, the indictment alleges that the waste is "waste liquid mercury." Ind. ¶29. As a starting point, the government will thus be required to prove that the defendant was storing mercury. Here, investigators were unable to seize any of the liquid mercury either cleaned up at Tidewater or still in storage there, prior to Southern Union cleaning up the spill and disposing of whatever liquid mercury was still at the site. Government agents were able obtain samples of mercury from the Lawn Terrace site, however. At trial, the government will adduce proof that the mercury at Lawn Terrace came from Tidewater. Therefore, the introduction of this evidence will be directly relevant to Count 1.

**B. Count 2 - EPCRA**

The indictment also charges the defendant with violating the Emergency Planning and Community Right-to-Know Act (EPCRA), 42 U.S.C. §11045(b)(4). To prove this charge, the government will be obligated to prove the following elements:

1. the release of a reportable quantity of a hazardous substance;
2. from a facility at which a hazardous substance is produced, used, or stored;

3. the defendant was the owner or operator of the facility; and

4. the defendant knowingly and willfully failed to provide notice as required by EPCRA.

As to the first element, the indictment alleges that the hazardous substance is "toxic mercury," and that the reportable quantity is one pound. Ind. ¶35. The government will need to prove that this amount of mercury was "released" into the environment. To state the obvious, one way the government can prove the release of at least one pound of mercury would be by introducing evidence that the mercury was found outside of Southern Union's property. Also, and at a very basic level (as with Count 1), the government needs to introduce this evidence in order to prove that the substance released was indeed mercury.

**III. The Evidence is Not Unfairly Prejudicial**

Generally, "[a]ll relevant evidence is admissible," while "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402. However, even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of *unfair* prejudice." FED. R. EVID. 403 (emphasis added). "Evidence is unfairly prejudicial if it 'invites the jury to render a verdict on an improper emotional basis.'" *United States v. Flemmi*, 402 F.3d 79, 86 (1st Cir. 2005) (citing *United States v. Varoudakis,* 233 F.3d 113, 122 (1st Cir.2000) (stating that a reviewing court should be "cautious when [evidence] is [ ] shocking or heinous [and, thus,] likely to inflame the jury" (internal quotation marks omitted))); *see also United States v. Currier,* 836 F.2d 11, 18 (1st Cir.1987) ( "Unfairly prejudicial evidence ... is evidence that triggers the mainsprings of human action in such a way as to cause a jury to base its decision on something other than the established proposition in the case.") (internal quotation marks and brackets

omitted).[2]

This does not mean, of course, that Rule 403 requires that proffered evidence contain absolutely no prejudice. "By design, all evidence is meant to be prejudicial; it is only *unfair* prejudice which must be avoided." *United States v. Gobbi*, 471 F.3d 302, 312 (1st Cir. 2006) (quoting *United States v. Rodriguez-Estrada,* 877 F.2d 153,156 (1st. Cir. 1989). The evidence the defendant seeks to exclude does not present any unfair prejudice.

Merely proving that several youths illicitly broke into the Tidewater facility, stealing the mercury the defendant had stored there, is probably more prejudicial to the government than to the defendant. Indeed, the government has every expectation that the defendant will seek throughout the trial to characterize itself as an innocent victim. Therefore, it is difficult to fathom how allowing the government to introduce evidence that the defendant's mercury was taken to the Lawn Terrace apartments will unfairly prejudice the defendant. It is near impossible to conceive how the admission of such evidence will inflame the jury against Southern Union.

The government does believe, however, that the defendant's concerns regarding both the subsequent evacuation of residents at Lawn Terrace, as well as the subsequent remediation at that site, raise legitimate concerns concerning unfair prejudice. After the government is allowed to introduce the fact that the mercury was brought there, and that government agents took samples of that mercury, the relevance of this aspect of the case then begins to wane. Absent some factor making these two subjects more relevant to the case, the government will not be seeking the

---

[2] "Only rarely – and in extraordinarily compelling circumstances – will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *United States v. Sabetta,* 373 F.3d 75, 82-83 (1st Cir. 2004) (internal quotation marks omitted). This restrictive appellate review standard should apply with even more force to motions *in limine*, where there is not even a cold record from which to draw conclusions, only representations as to the facts by counsel.

admission of evidence bearing on them.

**IV. Conclusion**

For the reasons stated above, the government objects to the defendant's Motion in Limine to Exclude Evidence at Trial of the Discovery of Mercury and Related Events at the Lawn Terrace Apartment Complex, and requests that the Motion be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2008, a copy of the within United States' Objection to Defendant's Motion in Limine to Exclude Evidence at Trial of the Discovery of Mercury and Related Events at the Lawn Terrace Apartment Complex, and its accompanying Memorandum of Law, was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov