**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' RESPONSE TO**
**DEFENDANT'S MOTION TO PRECLUDE REFERENCE**
**AT TRIAL TO OTHER LAWSUITS**

The defendant has moved to preclude the government from presenting evidence or referring to other lawsuits in which Southern Union is involved. Responding to that motion, the United States submits the attached Memorandum of Law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION TO PRECLUDE REFERENCE AT TRIAL TO OTHER LAWSUITS**

The defendant has moved to preclude the government from presenting evidence relating to lawsuits involving Southern Union Company. On the surface, the defendant's position is well-taken - the *existence* of the other lawsuits referred to in their Memorandum of Law on this motion is only minimally relevant to the instant criminal case. However, it is not difficult in this case to envision numerous circumstances where such evidence might become relevant, and therefore the government's position is that the Court should defer ruling on the motion until the time of trial. The government would agree to alert the defendant and the Court prior to seeking any testimony regarding the other lawsuits.

For example, the defendant cites *Estate of Spinosa v. International Harvester Co.*, 621 F.2d 1154 (1st Cir. 1980), for the assertion that pleadings in a prior suit are not of themselves evidence in any subsequent lawsuit. In and of itself, the government does not dispute that assertion. But in *Spinosa* the First Circuit also specifically stated that if the pleadings in the prior suit were inconsistent with the claim in the present suit, then a trial court may well be justified in admitting the prior pleadings. *Id.* at 1157. *See also Vincent v. Louis Marx & Co., Inc.* 874 F.2d 36, 41 (1st Cir. 1989) ("Considering the disparate approaches to this issue, we are not disposed to lay down a flat rule admitting or excluding inconsistent allegations in a prior pleading. We think

that the initial decision should be left to the discretion of the trial judge under Fed.R.Evid. 403.")

In addition to the possible relevance of inconsistent pleadings or claims, in this case numerous past and present officials of defendant Southern Union Company will be called to testify at trial. It is possible that those individuals made statements during a prior lawsuit which might be inconsistent with their anticipated trial testimony. Further, given the stakes for the defendant in the ongoing litigation, the government may have a legitimate interest in inquiring into the motive for testifying of various Southern Union-affiliated individuals, particularly those still employed by the company.

Therefore, for these reasons, the government believes that, although aspects of the defendant's motion are reasonable, the motion is premature, and cannot be decided with any certainty until testimony gets under way. To the extent that the defendant seeks a pretrial ruling on its motion, the United States objects.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, a copy of the within United States' Response to Defendant's Motion to Preclude Reference at Trial to Other Lawsuits, and its accompanying Memorandum of Law, was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov