**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY**

The defendant has notified the government that it intends to call Ms. Marcia Williams as an expert witness. For the reasons stated in the attached Memorandum of Law, the United States moves *in limine* to exclude Ms. Williams' testimony.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| v. | * | CR No. 07-134S |
| | * | |
| | * | |
| SOUTHERN UNION COMPANY | * | |

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY**

On July 22, 2008, the defendant notified the government that it intended to call Ms. Marcia Williams as an expert witness to testify regarding, *inter alia*, "provisions of the Resource Conservation and Recovery Act ("RCRA") [and] regulations promulgated pursuant to RCRA," and "the government's application of these regulations, and policies and guidance, to the particular facts and circumstances of this case." Because Ms. Williams' expected testimony consists of legal opinions it is prohibited pursuant to Federal Rules of Evidence 702 and 403, and well-settled case law. The government respectfully requests that Ms. Williams' testimony be excluded.

## I. INTRODUCTION

On December 4, 2007, the government, pursuant to Federal Rule 16(b) of Criminal Procedure, requested reciprocal discovery, including expected expert testimony, from the defendant.[1] On July 22, 2008, the defendant informed the government that it intended to call Ms. Marcia Williams as an expert witness. The defendant's summary of Ms. Williams' expected

---

[1/] On XXX, 2007, the government provided the defendant with its expected expert testimony, which consisted of an EPA chemist whose testimony will relate to the sampling and analysis of the mercury released from the defendant's Tidewater facility.

testimony in its entirety is as follows:

> Ms. Williams is expected to testify about the provisions of the Resource Conservation and Recovery Act ("RCRA"), and the hazardous waste regulations promulgated pursuant to RCRA, that the government is attempting to enforce in this case. Ms. Williams is also expected to testify about the interpretative policies and guidance that the U.S. Environmental Protection Agency ("EPA") has issued regarding these regulations, including how the Agency defines and regulates solid waste, and the government's application of these regulations, and policies and guidance, to the particular facts and circumstances of this case. Ms. Williams may also explain the background of the RCRA program and testify regarding EPA's practices and procedures with respect to the pertinent provisions of the program.

## II. ARGUMENT

Federal Rule of Evidence 702 permits expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact at issue." Fed. R. Evid. 702. Because "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact in either respect," such testimony is rarely admissible. *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) (internal citations omitted). "The danger is that the jury may think that the 'expert' in the particular branch of the law knows more than the judge—surely an impermissible inference in our system of law." *Id*. (quoting *Marx & Co. v. Diners' Club, Inc.*, 550 F.2d 505 (2d Cir. 1977)). Further, expert testimony on legal issues is excludable under Federal Rule of Evidence 403 "because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial." *Nieves-Villanueva*, 133 F.3d at 100 (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.")).

According to the defendant's disclosure, it expects Ms. Williams to testify about (1) "RCRA and the hazardous waste regulations promulgated pursuant to RCRA, that the government is trying to enforce in this case;" and (2) "the interpretative policies and guidance that [EPA] has issued regarding these regulations, including how the Agency defines and regulates solid waste, and the government's application of these regulations, and policies and guidance, to the particular facts and circumstances of this case."[2] The first category consists of "purely legal questions," that are "exclusively the domain of the judge." *Nieves-Villanueva*, 133 F.3d at 99. The law is well-settled that it is the court's responsibility—and the court's alone—to instruct the jury on the law. *See United States v. Mikutowicz*, 365 F.3d 65, 73 (1st Cir. 2004) ("Expert testimony proffered solely to establish the meaning of a law is presumptively improper.") (citing *United States v. Prigmore*, 243 F.3d 1, 18 n.3 (1st Cir. 2001)); *see also Nieves-Villanueva*, 133 F.3d at 99 (joining and listing seven other circuit court decisions that agree with the proposition that "[i]t is black-letter law that it is not for the witnesses to instruct the jury as to applicable principles of law, but for the judge").

The second category—testimony about how RCRA's regulations, policies and guidance apply "to the particular facts and circumstances of this case"—is plainly a role reserved for the jury. As noted in *Weinstein's Federal Evidence*:

---

[2/] The defendant also has proffered Ms. Williams to testify about "the background of the RCRA program and . . . EPA's practices and procedures with respect to the pertinent provisions of the program." While such testimony may not consist of purely legal questions, the Court should also exclude it because whatever relevance such testimony may have is substantially outweighed by considerations of undue delay and waste of the jury's time. *See* Fed. R. Evid. 403. Depending on the scope of Ms. Williams' testimony, the government may need to call a rebuttal witness to clarify Ms. Williams' interpretation of EPA's practices and procedures, especially since she was last employed by EPA 20 years ago, which would further waste the jury's time and add to confusion.

> Expert testimony is not admissible to inform the finder of fact as to the law that it will be instructed to apply to the facts in deciding the case. That is a matter reserved exclusively for the trial judge. *Expert witnesses are also prohibited from drawing legal conclusions, because they are the province of the trier of fact.*

*Weinstein's Federal Evidence*, § 702.03[3] (2d ed. 2005) (emphasis added). Ms. Williams' expected testimony will usurp the role properly performed by the jury of applying the law, as instructed by this Court, to the facts in evidence, and it is therefore impermissible.

The defendant has not told the government that Ms. Williams was involved directly in any of the events that resulted in the grand jury's indictment. From the summary of Ms. Williams' expected testimony, it is apparent that the defendant will use Ms. Williams to attempt to explain to the jury how confusing RCRA and its implementing regulations are in an effort to negate the government's proof of culpable mental state. This is nothing more than a mistake of law defense, which is only permitted in specific intent crimes. The law also is well-settled that RCRA is not a specific intent crime. *See United States v. Kelley Technical Coatings, Inc.*, 157 F.3d 432, 436-38 (6th Cir. 1998); *United States v. Laughlin*, 10 F.3d 961, 965-67 (2d Cir. 1993). Accordingly, Ms. Williams' testimony, in addition to being improper under the rules of expert testimony, serves no legitimate purpose in this particular litigation.[3]

The parties have addressed many of the legal issues for which the defendant proffers Ms. Williams' expert testimony in the pretrial motions stage of this litigation. The parties will take up many of the same legal issues in proposing jury instructions. As this Court noted in denying the defendant's motion to dismiss Counts 1 and 3:

> The Court recognizes that this skirmishing presages future debates over the merits

---

[3/] The defendant's summary of Ms. Williams' expected testimony does not include any mention of the Emergency Planning and Community Right to Know Act [Count 2], which is a specific intent crime.

> of the Government's claims and regarding jury instructions. The tangled arguments advanced by both the Government and Defendant evidence the complexity of hazardous waste regulation, and highlights the number of factual issues that the jury will have to resolve at trial.

*August 6, 2008 Decision and Order* (Docket No. 66) at 11; *see also Mikutowicz*, 365 F.3d at 73 ("The jury is not comprised of lawyers . . . To attempt to explain the myriad rules of judicial construction, the complexity of legal principles, or the function of precedent would hopelessly divert the jury from its preeminent duty of assessing . . . guilt."). The jury should hear a coherent explanation of the law to be applied in this case from this Court not from a defense expert. Likewise, the jury should perform its proper role of applying the law to the facts. Ms. Williams' proffered testimony will not assist the jury to understand the evidence or to determine a fact at issue. To the contrary, it will confuse the jury and waste its time.

## III. CONCLUSION

For the foregoing reasons, the government respectfully asks the Court to exclude Ms. Williams' proffered expert testimony.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Assistant U.S. Attorney
Regional Criminal Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2008, a copy of the within United States' Motion in Limine to Exclude Testimony, and its accompanying Memorandum of Law, was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov