UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No.: 07-0134S |
| | ) | |
| SOUTHERN UNION COMPANY | ) | |

**MOTION TO QUASH SUBPOENA**

Now comes MARC VIERA, by and through his undersigned counsel, pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, and hereby moves the Court to quash the subpoena issued upon application of the United States Attorney in the above-referenced matter, which commands Mr. Viera's attendance and testimony at the trial of the instant case. In support thereof, Mr. Viera has filed contemporaneously herewith a supporting memorandum.

Respectfully submitted this 22nd day of August, 2008.

MARC VIERA,
By his Counsel,

/s/ Charles A. Tamuleviz .
Charles A. Tamuleviz Bar No.: 6115
DarrowEverett, LLP
One Turks Head Place, Suite 500
Providence, Rhode Island 02903
Telephone: 401.453.1200
Facsimile: 401.453.1201
E-Mail: ctamuleviz@darroweverett.com

## CERTIFICATION

On this 22nd day of August 2008, I caused the within Motion To Quash Subpoena to be delivered to the following:

Terrence Donnolly
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

John A. Tarantino, Esquire
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz

Charles A. Tamuleviz, Esquire
DarrowEverett, LLP
One Turks Head Place, Suite 500
Providence, Rhode Island 02903
Telephone: 401.453.1200
Facsimile: 401.453.1201
E-Mail: ctamuleviz@darroweverett.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No.: 07-0134S |
| | ) | |
| SOUTHERN UNION COMPANY | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA**

Now comes MARC VIERA, by and through his undersigned counsel, and hereby submits the instant Memorandum In Support Of Motion To Quash Subpoena, which motion was filed contemporaneously herewith.

I. <u>BACKGROUND</u>

On May 29, 2008, the United States of America filed a motion with the Court pursuant to 28 U.S.C. § 1783 seeking authorization for the issuance of a subpoena to Marc Viera, compelling his appearance as a witness at the trial of the above-captioned case. Mr. Viera is a citizen of the United States of America who presently resides in the United Kingdom. On June 10, 2008, the Court entered an Order granting the Government's motion. On August 5, 2008, Mr. Viera accepted service of the subpoena from a British law enforcement representative.

In the Court's Order authorizing the instant subpoena the Government is ordered to pay Mr. Viera's travel and attendance expenses, which are estimated to be $3,653.30. The foregoing amount is derived from a computation included in the Government's Memorandum of Law in Support of its Motion for the Issuance of a Subpoena Pursuant

to 28 U.S.C. § 1783. The Government's computation is premised on a 14 day stay in the United States by Mr. Viera related to the trial, which is an estimate. Mr. Viera now seeks to have the subpoena quashed as being unreasonable and oppressive.

II. DISCUSSION

Pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, a court may quash or modify a subpoena if compliance would be unreasonable or oppressive. Compelling Mr. Viera to leave his spouse, home and job in the United Kingdom, travel thousands of miles to a different continent, and remain available to testify at the instant trial in Providence, Rhode Island for two weeks, imposes an unreasonable and oppressive burden on Mr. Viera. This is especially true since there is no limit on how long Mr. Viera will actually have to remain in Rhode Island during the trial.

Mr. Viera is employed in the United Kingdom as an occupational therapist in a medical facility. He is concerned that an extended absence, i.e., two weeks or more, from his job could result in the termination of his employment, as well as have an adverse effect on his patients. Also, Mr. Viera will not be compensated for the time away from his job. Mr. Viera's spouse is a full-time graduate student who is not employed outside the home. Thus, the loss of two weeks compensation will have a significant effect on the Vieras. This is especially true given the high cost of living in the London metropolitan area, where Mr. Viera resides. As such, under the unique circumstances of this case, compliance with the Government's subpoena would be unreasonable and oppressive and the subpoena should be quashed.

Alternatively, the length of time Mr. Viera is compelled to be away from his spouse, his job and his home should be limited such that the related burdens are

minimized, while still making him available to testify. In its motion, the Government labels Mr. Viera a "critical" witness. Nevertheless, it is highly unlikely that Mr. Viera's testimony, including cross-examination, is going to take two weeks. The subpoena requires Mr. Viera to be present in Court on September 22, 2008, however there is no representation that he will begin his testimony on that date. Under the circumstances, Mr. Viera should not have to spend unnecessary time in Rhode Island waiting to testify. The Court can put in place a schedule for Mr. Viera's testimony that sets parameters for the time frame in which he testifies. For example, a specific date can be set for the start of his testimony. An end date by which Mr. Viera's testimony is to be concluded can also be put in place. Adding date-specific parameters to Mr. Viera's appearance at trial will lessen the burden to him, while still allowing for his testimony to be presented to the Court. Additionally, specificity in the scheduling of his testimony will allow Mr. Viera to better address his situation with his employer, thereby ameliorating some of his concerns in that regard. Accordingly, as a secondary alternative to quashing the subpoena, Mr. Viera seeks modification of the subpoena, and the related Court Order authorizing the subpoena, to include specific dates for his appearance to testify at the trial of the instant case.

III. CONCLUSION

In consideration of the foregoing, it is respectfully requested that the Court grant the instant Motion To Quash Subpoena.

Respectfully submitted this 22nd day of August, 2008.

MARC VIERA,
By his Counsel,

/s/ Charles A. Tamuleviz .
Charles A. Tamuleviz Bar No.: 6115
DarrowEverett, LLP
One Turks Head Place, Suite 500
Providence, Rhode Island 02903
Telephone: 401.453.1200
Facsimile: 401.453.1201
E-Mail: ctamuleviz@darroweverett.com

CERTIFICATION

On this 22nd day of August 2008, I caused the within Memorandum In Support Of Motion To Quash Subpoena to be delivered to the following:

Terrence Donnolly
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

John A. Tarantino, Esquire
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
DarrowEverett, LLP
One Turks Head Place, Suite 500
Providence, Rhode Island 02903
Telephone: 401.453.1200
Facsimile: 401.453.1201
E-Mail: ctamuleviz@darroweverett.com