**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR No. 07-134-S |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**SOUTHERN UNION COMPANY'S OBJECTION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY**

Southern Union Company ("Southern Union") hereby objects to the Government's motion *in limine* to exclude the expert testimony of former Environmental Protection Agency (EPA) Director of Solid Waste, Marcia Williams ("Ms. Williams"). In support of this Objection, Southern Union relies on its accompanying Memorandum in Support of Southern Union's Objection to Government's Motion *In Limine* to Exclude Testimony, which is filed herewith and incorporated herein by reference.

Respectfully submitted,

SOUTHERN UNION COMPANY

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros, No. 2931
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
401-274-2000
401-277-9600 (fax)
gpetros@haslaw.com

*#754807v1*

John A. Tarantino, No. 2586
Patricia K. Rocha, No. 2793
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
401-274-7200
401-351-4607 (fax)
jtarantino@apslaw.com
procha@apslaw.com

Daniel J. Fetterman
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800

Dated: August 29, 2008

**CERTIFICATION**

I hereby certify that on August 29, 2008, a copy of the foregoing Objection to Government's Motion *In Limine* To Exclude Testimony was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may accesses this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | CR No. 07-134-S |
| | : | |
| SOUTHERN UNION COMPANY | : | |

**MEMORANDUM IN SUPPORT OF SOUTHERN UNION COMPANY'S OBJECTION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY**

Southern Union Company ("Southern Union") opposes the Government's motion *in limine* to exclude the expert testimony of former Environmental Protection Agency (EPA) Director of Solid Waste, Marcia Williams ("Ms. Williams"). The Government's motion is premature, and an attempt to force disclosure of opinions beyond that required under the rules. Further, the Government mischaracterizes Ms. Williams' expected testimony in a self-serving effort to block critical evidence that will assist the jury in deciding this case.

Ms. Williams' expected testimony is proper because it is precisely the type of "specialized knowledge" contemplated by Rule 702 that will help the jury understand the complex factual evidence to be presented at trial. Ms. Williams, with over thirty years of experience in the field of solid and hazardous waste regulation, is plainly qualified to provide this assistance.

Ms. Williams will offer opinions concerning various issues raised by the Government's attempt to prove that the liquid mercury and mercury containing regulators required a hazardous waste storage permit under RCRA. For example, Ms. Williams may opine that (1) the liquid mercury stored at Tidewater was a commercial chemical product; (2) the mercury containing

regulators were a universal waste; and (3) the Tidewater facility was a Conditionally Exempt Small Quantity Generator ("CESQG"). Ms. Williams may also offer opinions regarding other waste handling procedures that arise in the Government's case. Her opinions are based on her personal experience with, and knowledge and training regarding, the regulation of solid and hazardous waste materials, and her knowledge of RCRA and EPA regulations, including EPA's interpretations of these regulations as set forth in Federal Register Notices, policy memoranda and guidance letters.

This testimony represents classic expert opinion that is allowed by Rule 702. The bases for Ms. Williams' testimony are exactly the type of information and material that solid and hazardous waste experts reasonably rely on to formulate their opinions, as permitted by Rule 703. It is well-settled that expert testimony may rely in part on applicable regulations and the expert's understanding of the government's application of these regulations where this information will assist the trier of fact.

Courts have routinely deemed this type of expert testimony to be proper, and indeed, Ms. Williams has presented similar testimony in other federal courts. See, e.g. United States v. Recticel, 858 F. Supp. 726, 739 (E.D. Tn. 1993) (Ms. Williams recognized as "expert in the field of hazardous waste" and permitted to offer opinions based, in part, on applicable RCRA regulations and interpretive memoranda issued by EPA).

For the reasons set forth below, the Court should deny the Government's motion and allow the testimony of Ms. Williams.

## ARGUMENT

### A. The Legal Standard

The central purpose of expert testimony is to assist the trier of fact in determining a fact at issue. Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702.

Rule 703 permits an expert to base her opinion testimony on evidence of a type "reasonably relied upon by experts in the particular field." Fed. R. Evid. 703. Under Rule 703, it is not necessary that the expert witness have first hand knowledge of the facts on which the opinion is based. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993) ("Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on first hand knowledge.") Additionally, where the "reasonably relied upon" test is satisfied, Rule 703 permits expert testimony to be based on matters that have or would be excluded under certain other provisions of the evidence rules. See 29 Fed. Prac. & Proc. Evid. § 6273. The rationale for this rule is that experts in the field can be presumed to know when evidence is sufficiently trustworthy and probative to merit reliance. Id.

Lastly, Rule 704 instructs that expert testimony is not improper because it makes reference to or relies on applicable law. Fed. R. Evid. 704. Rather, in cases involving expert testimony, opinions that involve legal conclusions are admissible where they will help the jury resolve the fact issues in the case. See 29 Fed. Prac. & Proc. Evid. § 6284. Ms. Williams' proposed testimony satisfies the requirements for admissibility under these rules and thus is proper for all of the purposes for which it is offered.

**B. Ms. Williams' Proposed Opinion Testimony is Proper and Does Not Usurp The Role of the Court or Jury.**

The Government contends that Ms. Williams' anticipated testimony will effectively instruct the jury on the law and will thereby improperly invade the province of the Court. This contention misconstrues the nature of Ms. Williams' testimony and does not reflect the applicable law.

It is well settled that expert testimony is not improper simply because it makes reference to or relies on applicable law. See Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2001) ("in some instances, opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus admissible.") There is no legal basis for the Government's suggestion that Ms. Williams' testimony is *prima facie* improper because it references applicable law.[1] Courts routinely permit experts to offer opinions based, in part, on their understanding of applicable law such as the RCRA regulations and interpretive guidance at issue here; it is precisely the type of information "reasonably relied upon" by experts. See, e.g., United States v. Recticel, 858 F. Supp. 726, 739 (E.D. Tn. 1993) (defendant's "expert in the field of hazardous waste" permitted to offer opinions based, in part, on applicable RCRA regulations and interpretive memoranda issued by EPA); United States v. Barile, 286 F.3d 749 (4th Cir. 2002) (reversing district court's decision to exclude a regulatory expert's testimony that the defendant's actions were "reasonable" in light of the applicable regulations where such testimony would assist the trier of fact.); Hassan v. Stafford, 472 F.2d 88, 91 (3d Cir. 1973) (in action arising from death of plaintiff's decedent in motel fire, plaintiff's expert permitted to testify that his opinion was based on applicable fire prevention and safety regulations); United States v. Van Dyke, 14 F.3d 415,

[1] Even the Government concedes in footnote 2 on page 3 of its motion that Ms. Williams' testimony about "the background of the RCRA program and . . . EPA's practices and procedures with respect to the pertinent provisions of the program" is not improper.

422 (8th Cir. 1994) (in prosecution for bank fraud, trial court erred in precluding defense expert from testifying as to meaning of lengthy and detailed banking regulation); United States v. Ohio Edison Company, Case No. 2:99-CV-1181 (S.D. Ohio 2003) (in prosecution for violation of Clean Air Act regulations pertaining to coal, court permitted expert testimony, under Rule 702, by former EPA consultant as to methods and assumptions used by EPA in promulgating the relevant Clean Air Act regulations on grounds that such testimony was relevant to the issue of whether the defendant had notice that its conduct was allegedly in violation of the Clean Air Act and whether the defendant was selectively prosecuted for the conduct); Phillips v. Calhoun, 956 F.2d 949, 952 (10th Cir. 1992) (in action brought by former city attorney against city alleging violation of civil rights in connection with his termination, trial court properly considered expert testimony of city's experts in determining the meaning and usage of city charter); United States v. Bednar, 728 F.2d 1043, 1048 (8th Cir. 1984), cert. denied, 469 U.S. 827 (1984) (in prosecution for making false statements in connection with operation of securities brokerage, trial court did not err under Rule 704 in permitting expert witness from SEC to testify that a new account card was a document required to be kept by SEC rules).

Recticel is particularly instructive here. Recticel also involved a prosecution for violation of RCRA and related hazardous waste regulations. The defendant moved to dismiss certain counts of the Indictment on the grounds that the materials described in the Indictment did not constitute a hazardous waste. 858 F. Supp. at 728. The court accepted opinion testimony from Ms. Williams -- who similarly served as the defendant's "expert in the field of hazardous and solid waste" -- that relied directly on Ms. Williams' understanding and interpretation of the applicable RCRA regulations. Id. Ms. Williams' opinion testimony encompassed the following topics, among many others: the purpose of certain RCRA amendments; problems or "loopholes"

with certain regulations; what policies the EPA applies when a hazardous waste is found in another material that is not a solid waste; whether certain materials are covered by RCRA's "Mixture Rule;" that EPA has no continuing jurisdiction of a waste substance which contains a hazardous waste without the Mixture Rule; and that the "Continuing Jurisdiction" principle was used by the EPA only in context with other rules. Id. at 731-32, 736, 739. Ms. Williams' testimony was based, in part, on EPA interpretive memoranda similar to the ones on which Ms. Williams will rely in part on here. Ms. Williams' testimony will be similar to the testimony deemed admissible in Recticel in that it will rely, in part, on applicable RCRA regulations and interpretive guidance, and should likewise be permitted here.

The Government contends that any testimony from Ms. Williams will be improper because it will be an opinion about the ultimate issue in this case. That contention is both wrong and beside the point. It is wrong because Ms. Williams will offer expert opinions regarding certain factual issues raised by the Government's charges. For example, Ms. Williams may offer an opinion that the liquid mercury stored at Tidewater was a commercial chemical product, and that Tidewater is a CESQG. Like other experts, she will base those opinions on the underlying facts and the applicable regulatory standards. Ms. Williams is not being presented to instruct the jury on the law, but she will certainly assist the jury in applying this complex regulatory scheme to the facts presented in this case. The rules permit the Government to cross examine Ms. Williams and challenge the facts she relies upon or her analysis. The law, however, does not permit the Government to block this critical testimony and leave the jury adrift in addressing these issues.

The Government's contention is also beside the point because even if Ms. Williams' testimony were to address an ultimate issue, which it will not, it is well-settled that opinion

testimony is not improper simply because it embraces an ultimate issue to be decided by the jury. Fed. R. Evid. 704 (expert opinion testimony that is otherwise admissible is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact); see, e.g., United States v. Angiulo, 897 F.2d 1169, 1189 (1st Cir. 1990) ("The permissible scope of expert testimony under Fed. R. Evid. 702 is quite broad, and encompasses an expert's statement of opinion on an ultimate fact at issue"). Courts routinely permit such testimony where it will assist the trier of fact. United States v. Duncan, 42 F.3d 97 (2d Cir. 1994) (in prosecution for bank fraud, trial court properly permitted testimony that defendant submitted false tax returns); United States v. Toushin, 899 F.2d 617, 620 (7th Cir. 1990) (in prosecution for bank fraud, trial court properly permitted testimony that cash in defendant's safe was not "income" reportable in earlier tax years); United States v. Grote, 632 F.2d 387, 390 (5th Cir. 1980) (in prosecution for income tax law violations, trial court did not err in permitting testimony that defendant's tax returns were not acceptable); United States v. Clardy, 612 F.2d 1139, 1153 (9th Cir. 1980) (trial court did not err in permitting testimony that interest deduction was not proper); United States v. Kelly, 679 F.2d 135, 136 (8th Cir. 1982) (police narcotics officer permitted to testify that the quantity of cocaine found on the defendant at the time of his arrest was "a quantity that would be possessed with intent to distribute"); Peckham v. Continental Cas. Ins., 895 F.2d 830, 837-38 (1st Cir. 1990) (trial court acted within its discretion in admitting expert opinion testimony as to proximate cause in action against insurer alleging bad faith, notwithstanding plaintiff's objection that matter of causation was ultimate issue for jury resolution); Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360-61 (8th Cir. 1990) (in negligence action against discount store owner arising out of alleged collapse of shelf of merchandise on customer, trial court abused its discretion in refusing to allow customer to ask his medical experts whether he experienced

trauma to his lower back; question was not objectionable on grounds it embraced ultimate issue); Davis v. Combustion Engineering, Inc., 742 F.2d 916, 919 (6th Cir. 1984) (in age discrimination action, expert's testimony was not objectionable on ground it embraced ultimate issue of whether age discrimination had occurred).

In short, Ms. Williams' testimony will not usurp the role of the Court or the jury; it will assist the jury in deciding the complex issues presented in this case. Deciding whether a material is a commercial chemical product, or whether a facility is a CESQG, are not matters within the common knowledge of the jury. The expert opinions offered here are no different than opinions offered in copyright infringement or patent cases. The jury should hear from Ms. Williams.

**C. Ms. Williams' Proposed Expert Testimony Will Provide Necessary Assistance to the Jury.**

Ms. Williams' proposed testimony is also proper under Rule 702 because it will greatly assist the jury in its understanding of the highly technical and nuanced subject of hazardous waste regulation. See Fed. R. Evid. 702; see also United States v. Corey, 207 F.3d 84 (1st Cir. 2000) (" . . . under Rule 702, the only inquiry is whether the expert opinion, taken as a whole, may assist the jury in resolving an ultimate issue of fact.")

This case presents highly complex factual and legal issues (see, e.g., Government's motion, at p. 5, quoting August 6, 2008 Decision and Order (Docket No. 66) ( . . . the tangled arguments advanced by both the Government and Defendant evidence the complexity of hazardous waste regulation . . .")), and the jury will be asked to analyze complicated environmental statutes and regulations, and then apply them to the facts of this case. It cannot be assumed that the jury will be able to correctly navigate, on its own, the subtleties and complexities of RCRA and its related regulations. Nor can the jury be expected to have the type of unique insight developed by Ms. Williams during her career at EPA.

It is well-established that testimony concerning the ordinary practices of those engaged in a particular industry or business is admissible because it assists the trier of fact in evaluating the conduct of the parties against the standards of ordinary practice in the industry. See, e.g., Marx & Co., Inc. v. Diners' Club, Inc., 550 F.2d 505, 508-09 (2d Cir. 1977) (permissible for plaintiff's securities' expert to testify as to the practices and procedures of the Securities and Exchange Commission); see also VII *Wigmore on Evidence* § 1949, at 66 (3d ed. 1940).

As the court noted in Marx:

> Testimony concerning the ordinary practices of those engaged in the securities business is admissible under the same theory as testimony concerning the ordinary practice of physicians or concerning other trade customs: to enable the jury to evaluate the conduct of the parties against the standards of ordinary practice in the industry. (citing VII Wigmore on Evidence § 1949, at 66 (3d ed. 1940)).

550 F.2d at 508-09.

At a minimum, Ms. Williams' testimony will assist the jury in evaluating Southern Union's conduct against the standards of ordinary practice in the industry. See Marx, 550 F.2d at 508-09. This is precisely the type of "specialized knowledge" contemplated by Rule 702. The Government does not want the jury to understand this complex regulatory scheme, because that understanding will demonstrate why the Government's charges fail. There can be no reasonable challenge to the conclusion that Ms. Williams' testimony will assist the jury in understanding and deciding this highly nuanced and complex regulatory case. Deciding whether a material is a commercial chemical product, or whether a facility is a CESQG, or whether a waste is a universal waste, are not matters within the common knowledge of the jury. The expert opinions offered here are no different than opinions offered in copyright infringement or patent cases. The Court should allow that testimony.

**D. Ms. Williams Is Qualified to Offer the Proposed Expert Testimony.**

The Government's opposition also suggests that Ms. Williams is not qualified to testify as an expert because she was last employed by the EPA 20 years ago, see Government's motion, at p. 3, and because she was not directly involved in any of the events that resulted in the grand jury's indictment. Id. at p. 4. This argument is specious; neither of these claims has any relevance under Rule 702 or Rule 703 for determining whether a person is qualified to offer expert testimony.

First, Rule 703 does not require the expert to have personal knowledge of the bases for her opinion. See Fed. R. Evid. 703. Second, the fact that Ms. Williams was not recently employed by EPA does not, in any way, undermine her qualifications to offer the anticipated opinions. During her eighteen year career at EPA, including three years as Director of the Solid Waste division, the very office of EPA that develops and implements the RCRA hazardous waste program, Ms. Williams developed an intimate familiarity with the RCRA regulations at issue in this trial, as well as EPA's interpretive policies and guidance regarding these regulations. She is also familiar with the Government's application of these regulations to facts similar to this case in private industry. The commentary to Rule 702 makes clear that such experience is often the sole requirement necessary to qualify an expert. See Comments to 2000 Amendments to Rule 702 ("Nothing in this amendment is intended to suggest that experience alone -- or experience in conjunction with other knowledge, skill, training or education -- may not provide a sufficient foundation for expert testimony. On the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.") Ms. Williams' extensive experience as Director of Solid Waste at EPA qualifies her, under Rule 702, to testify

concerning the subject matters disclosed in counsel's July 22, 2008 letter, and will assist the jury in its understanding and evaluation of the evidence to be presented at trial.

### E. Ms. Williams' Testimony Should Not Be Excluded Under Rule 403.

Finally, the Government argues that the Court should exclude Ms. Williams' testimony under Rule 403 because its relevance is substantially outweighed by considerations of undue delay and waste of the jury's time. See Government's motion, at p. 3 n. 2. In support of this novel argument, the Government claims that if Ms. Williams testifies (1) her testimony will take time, and (2) the Government may need to call a rebuttal witness. This argument hardly merits a response. The testimony of any witness "takes time" and could provoke a "rebuttal witness."[2] Those are not grounds for exclusion under Rule 403 or any other rule. The Government seeks to block Ms. Williams' testimony not because it will waste the jury's time, but because it will assist the jury in understanding why the charges filed against Southern Union are without merit and are undermined by the regulations and EPA's own guidance documents. The Government's Rule 403 argument fails for these reasons.

## CONCLUSION

For all of these reasons, the Court should deny the Government's Motion *In Limine* To Exclude Testimony.

[2] The Government may be able to call a rebuttal witness so long as the witness is qualified as an expert, the subject matter of the proposed rebuttal testimony is relevant, the proposed opinions are disclosed to Southern Union in advance, the opinions are admissible, and the testimony constitutes true rebuttal testimony. The Court will need to make that determination at the appropriate time.

Respectfully submitted,

SOUTHERN UNION COMPANY

By its Attorneys,

/s/ Gerald J. Petros
Gerald J. Petros, No. 2931
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
401-274-2000
401-277-9600 (fax)
gpetros@haslaw.com

John A. Tarantino, No. 2586
Patricia K. Rocha, No. 2793
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
401-274-7200
401-351-4607 (fax)
jtarantino@apslaw.com
procha@apslaw.com

Daniel J. Fetterman
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1700
Fax: 212-506-1800

Dated: August 29, 2008

**CERTIFICATION**

I hereby certify that on August 29, 2008, a copy of the foregoing Memorandum in Support of Southern Union's Objection to Government's Motion *In Limine* To Exclude Testimony was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may accesses this filing through the Court's CM/ECF System.

/s/ Gerald J. Petros
Gerald J. Petros (#2931)