**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No.07-134S |
| | ) | |
| SOUTHERN UNION COMPANY | ) | |

**UNITED STATES' OBJECTION TO WITNESS MARC VIERA'S MOTION TO QUASH**

Now comes the United States by its attorneys and objects to witness Marc Viera's Motion to Quash Subpoena. As stated in the United States' Motion for the Issuance of a Subpoena Pursuant to 28 U.S.C. §1783, Mr. Viera is a critical witness in this case.

As to all three of the counts of the indictment, Viera's testimony is necessary because, as the chief environmental official for SUC's Rhode Island operations, Mr. Viera was the SUC official primarily responsible for storing both the liquid mercury as well as the regulators at Tidewater. On more than one occasion, he actually physically brought mercury to the site. He also supervised the placement of regulators at the site. Further demonstrating his centrality to the issues in this case, Viera is the "environmental coordinator" referenced in ¶¶10, 12, 14, 16, and 19 of the indictment. Also, on October 19 and 20, 2004, Viera was part of the chain of events which led to SUC's failure to notify local emergency authorities about the mercury spill.

Apart from the citation to Fed. R. Crim. P. 17(c)(2), Viera cites no legal basis for his Motion. Indeed, there is none. The

Supreme Court has been emphatic that, in our system of justice, "the public has a right to every man's evidence:"

> Only recently the Court restated the ancient proposition of law, albeit in the context of a grand jury inquiry rather than a trial, "that 'the public . . . has a right to every man's evidence,' except for those persons protected by a constitutional, common-law, or statutory privilege ...."
>
> The privileges referred to by the Court are designed to protect weighty and legitimate competing interests. Thus, the Fifth Amendment to the Constitution provides that no man 'shall be compelled in any criminal case to be a witness against himself.' And, generally, an attorney or a priest may not be required to disclose what has been revealed in professional confidence. These and other interests are recognized in law by privileges against forced disclosure, established in the Constitution, by statute, or at common law. Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.

United States v. Nixon, 418 U.S. 683, 709-10 (1974) (citations omitted). Viera is making no claim of privilege here.

The government recognizes that, due to Mr. Viera's relocation to the United Kingdom, his appearance presents unusual issues related to scheduling and the burden his appearance might have on his employment and other personal issues, relative to, e.g., witnesses who reside in Rhode Island. Because of those considerations, the government has informed the Court that it will do what it can, consistent with the interests of justice and the legitimate needs of the government to order its witnesses to

aid the search for truth. For example, Mr. Viera's testimony need not be scheduled for the early part of the trial, and the parties may be able to accommodate Mr. Viera by not objecting to Southern Union's attorneys, after they have cross-examined Mr. Viera, asking questions which go beyond the scope of direct examination, so as to minimize the need the defense may have to require Mr. Viera to testify during any case the defense may choose to present. Unfortunately, none of these efforts to mitigate any burden on Mr. Viera can be predicted with accuracy well in advance of trial. Thus, the United States objects to the "start date-end date" solution proposed by Mr. Viera's counsel.

The United States objects to the Motion to Quash. Because the Motion can be easily resolved based on the pleadings, the government does not believe that oral argument is necessary.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov

KEVIN CASSIDY
Trial Attorney
Department of Justice
Environmental Crimes Section
601 D St. NW
Washington, DC 20530
Tel (202) 305-0333
kevin.cassidy@usdoj.gov

DIANNE CHABOT
Special Asst. U.S. Attorney
Regional Criminal
Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Suite 1100, SAA
Boston, MA 02114-2023
Tel (617) 918-1868
Fax (617) 918-0868
chabot.dianne@epa.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, a copy of the within United States' Objection to Witness Marc Viera's Motion to Quash was filed electronically and is available for viewing and downloading from the ECF system. Further a copy was separately emailed to witness Marc Viera's attorney, Charles A. Tamuleviz, at cat@thbrilaw.com.

Electronic notification:

JOHN A. TARANTINO (#2586)
jtarantino@apslaw.com
PATRICIA K. ROCHA (#2793)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel: 401-274-7200
Fax: 401-351-4607

GERALD J. PETROS
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903

/s/ TERRENCE P. DONNELLY
TERRENCE P. DONNELLY
Assistant U. S. Attorney
R.I. Bar No. 3506
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
terrence.donnelly@usdoj.gov