# EXHIBIT A

PPC 9541.1984(04)

DETERMINING WHETHER STATE HAZARDOUS WASTE REQUIREMENTS ARE BROADER OR MORE STRINGENT THAN THE FEDERAL RCRA PROGRAM

OFFICE OF SOLID WASTE AND EMERGENCY RESPONSE

MAY 21 1984

PIG-84-1

MEMORANDUM

SUBJECT: Determining Whether State Hazardous Waste Management Requirements are Broader in Scope or More Stringent than the Federal RCRA Program

FROM: Lee M. Thomas
Assistant Administrator for
Solid Waste and Emergency Response (WH-562-A)

TO: PIGs Addresses

Issue

How does EPA determine whether a requirement of an authorized State hazardous waste program if broader in scope or more stringent than the Federal RCRA program?

Discussion

The March 15, 1982 Program Implementation Guidance memorandum from William Sullivan entitled "EPA Enforcement of RCRA-Authorized State Hazardous Waste Laws and Regulations" (PIG-82-3) outlined EPA policy on enforcement of Federal and State hazardous waste management requirements in States with cooperative arrangements or authorized RCRA programs.

The Guidance concluded that State-imposed requirements which are beyond the scope of coverage of the Federal program are not part of the Federally approved program (40 CFR 271.1(i) and 271.121(1)). Consequently, such requirements are not enforceable

by EPA. PIG 82-3 also concluded that "provisions in State programs which are more stringent than their federal counterparts are, nevertheless, a part of the approved State program and are enforceable by EPA." [Emphasis added.]

Attempts to distinguish between those State requirements that are broader in scope and those that are more stringent than the Federal RCRA program have led to some confusion. The confusion is partly a result of conflicting information in past PIG's on this issue. PIG 81-4, discussing delisting of wastes, indicates that State regulation of more wastes than are regulated by the Federal program would be viewed as a more stringent aspect of the authorized State program. Similarly, page 7 of PIG 82-3 indicates that "a lesser amount of waste exempted [by the State] from regulation under the small quantity generator exemption" is an example of a more stringent State program requirement. In contrast, page 6 or PIG 82-3 states that the listing by a State of wastes which are not included in the Federal universe is an example of a provision that is broader in scope.

Decision

To determine whether a particular requirement or provision of a State program is "broader in scope" (and therefore not a part of the authorized program) or more stringent (and therefore a part of the authorized program) the questions discussed below should be answered sequentially.

(1) Does imposition of the State requirement increase the size of the regulated community beyond that of the Federal program?

A State requirement that does increase the size of the regulated community is more "extensive", not more stringent, and is an aspect of the State program which goes beyond the scope of the Federally-approved program. Examples of requirements that are broader in scope include:

a lesser amount of waste exempted from regulation under the small quantity generation exemption;

listing of wastes which are not in the Federal universe of wastes.

Thus, the examples discussed in PIG 81-4 and on page 7 of PIG 82-3 should have been interpreted as requirements that were broader in scope and not more stringent. (While this guidance corrects these two examples, it does not change the policies and other examples of PIGs 81-4 and 82-3).

If the requirement does not increase the size of the regulated community, the following question should be asked.

(2) Does the requirement in question have a direct counterpart in the Federal regulatory program?

If the State requirement does not have a direct Federal counterpart, the requirement is also beyond the scope of the Federal regulatory program. Examples of such State requirements are:

controls on traffic outside of a hazardous waste facility or specification of transport routes to the facility;

requirements for the preparation of an environmental impact statement or the approval of a siting board as part of the permit issuance process;

licensing of transporters.

However, if the requirement of the authorized State program does have a direct Federal counterpart, the State requirement is either equivalent to or more stringent than the corresponding Federal regulation. Examples of more stringent State requirements are:

limited financial assurance options for facility closure;

submittal of an annual rather than a biennial report for generators;

expiration of permits after five years instead of ten.

This guidance supports those enforcement policies outlined in PIG 82-3, and should resolve many of the questions concerning the scope of the Federal and RCRA authorized State regulatory programs. We also anticipate that this guidance will be useful in focusing the cope of EPA oversight of State programs. As PIG 82-3 states, EPA enforces the more stringent provisions of RCRA authorized programs; therefore, EPA has a corresponding responsibility to overview implementation of those aspects of State programs which are more stringent.