EXHIBIT A

Federal Register / Vol. 67, No. 154 / Friday, August 9, 2002 / Rules and Regulations 51765

TABLE 2.—EPA APPROVED FORSYTH COUNTY REGULATIONS

| State citation | Title/subject | State effective date | EPA approval date | Explanation |
|---|---|---|---|---|
| **Subchapter 3D Air Pollution Control Requirements Section .1900 Open Burning** | | | | |
| Sect .1903 | Permissible Open Burning | 10/25/99 | 8/8/02 | |
| Sect. .1904 | Air Curtain Burners | 10/25/99 | 8/8/02 | |
| **Section .2000 Transportation Conformity** | | | | |
| Sect. .2003 | Transportation Conformity Determination | 10/25/99 | 8/8/02 | |
| **Subchapter 3Q—Air Quality Permits Section .0100 General Provisions** | | | | |
| Sect. .0102 | Activities Exempt From Permit Requirements | 10/25/99 | 8/8/02 | |
| Sect. .0103 | Definitions | 10/25/99 | 8/8/02 | |

[FR Doc. 02–20225 Filed 8–8–02; 8:45 am]

BILLING CODE 6560–50–P

## ENVIRONMENTAL PROTECTION AGENCY

40 CFR Part 271

[FRL–7256–7]

## Rhode Island: Authorization of State Hazardous West Management Program Revision

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Immediate final rule.

**SUMMARY:** The State of Rhode Island has applied to EPA for Final authorization of the changes to its hazardous waste program under the Resource Conservation and Recovery Act (RCRA). EPA has determined that these changes satisfy all requirements needed to qualify for Final authorization, and is authorizing the State's changes through this immediate final action. EPA is publishing this rule to authorize the changes without a prior proposal because we believe this action is not controversial and do not expect comments that oppose it. Unless we get written comments which oppose this authorization during the comment period, the decision to authorize Rhode Island's changes to their hazardous waste program will take effect. if we get comments that oppose this action, we will publish a document in the **Federal Register** withdrawing this rule before it takes effect and a separate document in the proposed rules section of this **Federal Register** will serve as a proposal to authorize the changes.

**DATES:** This final authorization will become effective on October 8, 2002 unless EPA receives adverse written comment by September 9, 2002. If EPA receives such comment, it will publish a timely withdrawal of this immediate final rule in the **Federal Register** and inform the public that this authorization will not take immediate effect.

**ADDRESSES:** Send any written comments to Robin Biscaia, EPA New England, One Congress Street, Suite 1100 (CHW), Boston, MA 02114–2023; telephone: (617) 918–1642. Copies of the State of Rhode Island's revision application and the materials which EPA used in evaluating the revision (the "Administrative Record") are available for inspection and copying during normal business hours at the following locations: Rhode Island Department of Environmental Management, Office of Technical and Customer Assistance, 235 Promenade Street, Providence, RI 02908–5767, business hours: 8:30 a.m. to 4 p.m., telephone: (401) 222–6822; or EPA New England Library, One Congress Street—11th Floor, Boston, MA 02114–2023, business hours: 10 a.m. to 3 p.m., Monday through Thursday, telephone: (617) 918–1990.

**FOR FURTHER INFORMATION CONTACT:** Robin Biscaia, Hazardous Waste Unit, Office of Ecosystems Protection, EPA New England, One Congress Street, Suite 1100 (CHW), Boston, MA 02114–2023, telephone: (617) 918–1642.

**SUPPLEMENTARY INFORMATION:**

### A. Why are Revisions to State Programs Necessary?

States which have been authorized to administer the Federal hazardous waste program under RCRA section 3006(b), 42 U.S.C. 6926(b), have a continuing obligation to update their programs to meet revised Federal requirements. As the Federal program changes, States must change their programs and ask EPA to authorize the changes. Changes to State programs may be necessary when Federal or State statutory or regulatory authority is modified or when certain other changes occur. Most commonly, States must revised their programs because of changes to EPA's regulations in 40 Code of Federal Regulations (CFR) parts 124, 260 through 266, 268, 270, 273 and 279. The EPA may grant final authorization to a State version if it is equivalent to, consistent with, and no less stringent than Federal RCRA requirements.

### B. What Decisions Have We Made in This Rule?

We conclude that the State of Rhode Island's application to revise its authorized program meets all of the statutory and regulatory requirements established by RCRA. Therefore, we grant the State of Rhode Island Final authorization to operate its hazardous waste program with the changes described in the authorization application. Rhode Island has responsibility for permitting Treatment, Storage, and Disposal Facilities (TSDFs) within its borders (except in Indian Country) and for carrying out the aspects of the RCRA program described in its revised program application, subject to the limitations of the Hazardous and Solid Waste Amendments of 1984 (HSWA). New Federal requirements and prohibitions imposed by Federal regulations that EPA promulgates under the authority of HSWA take effect in authorized States before they are authorized for the requirements. Thus, EPA will

HeinOnline -- 67 Fed. Reg. 51765 2002

implement those requirements and prohibitions in the State of Rhode Island, including issuing permits, until the State is granted authorization to do so.

**C. What is the Effect of Today's Authorization Decision?**

The effect of this decision is that a facility in Rhode Island subject to RCRA will have to comply with the newly authorized State requirements instead of the Federal requirements in order to comply with RCRA. The State of Rhode Island has enforcement responsibilities under its State hazardous waste program for violations of such programs, but EPA also retains its full authority under RCRA sections 3007, 3008, 3013, and 7003.

This action does not impose additional requirements on the regulated community because the state regulations for which authorization to the State of Rhode Island is being granted by today's action are already in effect under state law, and are not changed by today's action.

**D. Why Wasn't There a Proposed Rule Before Today's Rule?**

EPA did not publish a proposal before today's rule because we view this as a routine program change and do not expect comments that oppose this approval. We are providing an opportunity for public comment now. In addition to this rule, in the proposed rules section of today's **Federal Register** we are publishing a separate document that proposes to authorize the State program changes.

**E. What Happens if EPA Receives Comments That Oppose This Action?**

If EPA receives comments that oppose this authorization, we will withdraw this rule by publishing a document in the **Federal Register** before the rule becomes effective. EPA will base any further decision on the authorization of the State program changes on the proposal mentioned in the previous paragraph. We will then address all public comments in a later final rule. You may not have another opportunity to comment. If you want to comment on this authorization, you must do so at this time.

If we receive comments that oppose only the authorization of a particular change to the State hazardous waste program, we will withdraw that part of this rule but the authorization of the program changes that the comments do not oppose will become effective on the date specified above. The **Federal Register** withdrawal document will specify which part of the authorization will become effective, and which part is being withdrawn.

**F. What has Rhode Island Previously Been Authorized for?**

Rhode Island initially received Final Authorization on January 30, 1986, effective January 31, 1986 (51 FR 3780) to implement its base hazardous waste management program. We granted authorization for changes to their program on March 12, 1990, effective March 26, 1990 (55 FR 9128), March 6, 1992 effective May 5, 1992 (57 FR 8089) and October 2, 1992 effective December 1, 1992 (57 FR 45574).

**G. What Changes are We Authorizing in Today's Action**

On December 12, 2001 Rhode Island submitted a program revision application seeking authorization of their changes in accordance with 40 CFR 271.24. This application was supplemented by an Attorney General's Statement dated April 3, 2002 and by a letter dated May 15, 2002 relating to the Rhode Island Environmental Compliance Incentive Act. Thus, the application was complete as of May 15, 2002. We now make an immediate final decision, subject to receipt of written comments that oppose this action, that Rhode Island's hazardous waste program revision satisfies all of the requirements necessary to qualify for final authorization.

The specific RCRA program revisions for which the EPA grants final authorization to Rhode Island are listed in the table below. The Federal requirements in the table are identified by their checklist numbers and rule descriptions. The following abbreviations are used in defining equivalent state authority: RIGL means Rhode Island General Laws; Rules means "Rules and Regulations for Hazardous Waste Management."

| Description of Federal Requirement and Checklist Reference Number | Analogous State Authority [1] |
|---|---|
| Non-HSWA Cluster IV: | |
| (40) List (Phase 1) of Hazardous Constituents for Ground Water Monitoring: 52 FR 25942; 7/9/87. | Rule 9.03, 8.04(G), 8.01(G). |
| (41) Identification and Listing of Hazardous Waste: 52 FR 26012; 7/10/87. | Rule 3.32. |
| (43) Liability Requirements for Hazardous Waste Facilities; Corporate Guarantee; 52 FR 44314; 11/18/87. | Rule 9.17, 8.04(T) 7.01(E). |
| (45) Hazardous Waste Miscellaneous Units; 52 FR 46946; 12/10/87. | Rule 3.48, 3.100, 12.00, 8.05, 9.20, 8.04(K), 9.05, 9.12, 9.03, 8.04(G), 9.16, 8.04(R), 9.17, 8.04(T), 12.02, 12.01. |
| Non-HSWA Cluster V: | |
| (59) Hazardous Waste Miscellaneous Units; Standards Applicable to Owners and Operators: 54 FR 615; 1/9/89. | Rule 8.04(K), 8.04(R), 12.01. |
| HSWA Cluster I: | |
| (17A) Small Quantity Generators: 50 FR 28702; 7/15/85 ................ | See Checklist 23 entry. |
| (23) Generators of 100 to 1000 kg Hazardous Waste: 51 FR 10146; 3/24/86. | Rule 2.02(B), 3.100, 5.02(D), 5.05, 3.32, 5.0, 13.06(B)(1)(c), 2.02(E), 5.02(A), 6.04(K), 8.01(J). |
| (32) Standards for Generators; Waste Minimization Certifications; 51 FR 35190, 10/1/86. | Rule 2.02(B), 5.03(G), Rhode Island Uniform Hazardous Waste Manifest. |
| HSWA Cluster II: | |
| (42) Exception Reporting for Small Quantity Generators of Hazardous Waste: 52 FR 35894; 9/23/87. | Rule 2.02(B), 5.0, 5.03(I). |
| (47) Identification and Listing of Hazardous Waste; Technical Correction: 53 FR 27162; 7/19/88. | Rule 3.32, 5.0. |
| (74) Toxicity Characteristic Revisions: 55 FR 11798, 3/29/90 as amended on 6/29/90 55 FR 26989. | Rule 3.32, 3.67(M)(7), 3.67(L), 5.08, 3.79, 10.01(E), 10.01(B), 10.01(D), 2.02(B), 3.98. |
| RCRA Cluster I: | |
| (80) Toxicity Characteristic; Hydrocarbon Recovery Operations: 55 FR 40834, 10/5/90 as amended on 2/1/91, 56 FR 3978 as amended on 4/2/91, 56 FR 13406, optional rule. | Rule 3.32. |

HeinOnline -- 67 Fed. Reg. 51766 2002

| Description of Federal Requirement and Checklist Reference Number | Analogous State Authority [1] |
|---|---|
| (84) Toxicity Characteristic; Chlorofluoro Refrigerants: 56 FR 5910, 2/13/91, optional rule. | Rule 3.32. |
| RCRA Cluster III: | |
| (108) Toxicity Characteristic Revision; Technical Correction: 57 FR 30657, 7/10/92. | Rule 3.32, 10.01(E). |
| (117B) Toxicity Characteristic Amendment: 57 FR 23062, 6/1/92 ... | Rule 3.32. |
| (119) Toxicity Characteristic Revision, TCLP Correction: 57 FR 55114, 11/24/92, as amended on February 2, 1993 at 58 FR 6854, optional rule. | Rule 3.79. |
| RCRA Cluster V: | |
| 142(A) Universal Waste Rule: General Provisions; 60 FR 25492 5/11/95, optional rule. | Rule 2.02(B), 3.98, 3.19, 3.86, 3.87, 3.89, 3.32, 5.00, 13.01, 2.02(E), 13.05(A)–(D), 13.06, 13.06(A)–(D), 13.06(F)–(J), 13.06(L)–(S), 3.31, 3.50, 3.58, 3.71, 3.88. |
| 142(B) Universal Waste Rule: Specific Provisions for Batteries; 60 FR 25492, 5/11/95, optional rule. | 3.06, 3.86, 2.02(B), 3.98, 13.01(A), 13.05, 13.05(A)–(D), 13.06, 13.06(A), (E), (F), (K), and (L). |
| (142C) Universal Waste Rule: Specific Provisions for Pesticides; 60 FR 25492, 5/11/95, optional rule. | Rule 3.63, 3.86, 13.01(B), 13.05, 13.05(A)–(D), 13.06, 13.06(A), (E), (F), (J), (K), and (L), 3.29. |
| (142D) Universal Waste Rule: Specific Provisions for Thermostats; 60 FR 25492, 5/11/92, optional rule. | Rule 3.78, 3.86, 13.01(C), 13.05, 13.05(A)–(D), 13.06, 13.06(A), (E), (F), (K), and (L). |
| (142E) Universal Waste Rule: Petition Provisions to Add a New Universal Waste; 60 FR 25492, 5/11/95, optional rule. | Rule 2.02(B), 3.98, 13.06, 13.06(T). |
| RCRA Cluster VII: | |
| (153) Conditionally Exempt Small Quantity Generator Disposal Options under Subtitle D, 61, FR 34252, 7/1/96. | Rule 3.32, 5.0, 13.06(B)(1)(c). |
| RCRA Cluster X: | |
| (181) Universal Waste Rule: Specific Provisions for Hazardous Waste Lamps; 64 FR 36466, 7/6/99, optional rule. | Rule 3.57, 3.86, 3.86(f), 13.04, 13.04(A)–(C), 13.01(F), 13.05, 13.05(A)–(D), 13.04(A)–(C), 3.50, 3.71, 13.06(E)(3), 13.06(F)(3), 13.06(J)(1), 13.06(K)(3), 13.06(L)(3). |
| (184) Accumulation Time for Waste Water Treatment Sludges: 65 FR 12378, 3/8/00, optional rule. | Rule 5.02(A), 5.02(D), 5.02(D)(1)–(4). |

[1] The State of Rhode Island's provisions are from Rhode Island General Law 23–19:1–6 (1996 Re-enactment) and "Rules and Regulations for Hazardous Waste Management," Rules 1.00–14.00, as amended through September 17, 2001.

**H. Where are the Revised State Rules Different from the Federal Rules?**

The major difference in Rhode Island's regulatory program as compared to the federal program is that it is more stringent with regard to the regulation of small quantity generators (SQGs), *i.e.*, generators of less than 1,000 kg/month and conditionally exempt generators (CESQGs), *i.e.*, generators of less than 100 kg/month. The State rules for hazardous waste generators apply to all generators regardless of size with some exceptions as identified below:

Rule 5.0 [Generators] specifies that certain federal provisions which allow reduced requirements for SQGs and CESQGs (40 CFR 261.5, 40 CFR 262.20(e), 40 CFR 262.42(b) and 40 CFR 262.44) do not apply in Rhode Island except as provided in Rule 5.02(B) and (C) and Rules 5.05, 5.06 and 13.06B (described below):

- Rule 5.02(B) and (C) provides some reduced requirements for SQG/CESQGs accumulating waste on site. The generator may only accumulate up to 3,000 kg of waste on site at any time (v. the federal limit of 6,000 kg) with 90 days maximum storage (v. the federal storage limit of 180 days) and must comply with the acute waste limits set out in 40 CFR 261.5(e)(1) and (2). Rule 5.02(B) provides that when such generators accumulate waste in tanks, they shall not be subject to 40 CFR part 265, subpart J [Tank Systems] except for 40 CFR 265.201 [Special requirements for generators of between 100 and 1,000 kg/month that accumulate hazardous waste in tanks]. Rule 5.02(C) provides that when such generators accumulate waste on site, they shall not be subject to 40 CFR part 265, subpart CC [Air Emission Standards for Tanks, Surface Impoundments and Containers].
- Rule 5.05 [Biennial Reports] specifies that SQGs are not required to prepare and submit a biennial report.
- Rule 5.06 [Record Keeping] specifies that SQGs are not required to maintain copies of biennial reports unless specifically requested by the Director to prepare and submit one.
- Rule 13.06B [replacing 40 CFR 273.5—Applicability—household and conditionally exempt small quantity generator waste] requires persons who are federal CESQGs and who generate universal waste to manage those wastes either in compliance with 40 CFR 261.5 or the universal waste management requirements of this part. Facilities which accept household hazardous waste only, for subsequent off-site management in accordance with these regulations, will be considered to be generators subject to the requirements of section 5.0 of Rhode Island's rules.

Rhode Island's hazardous waste program revisions also include the State's Universal Wastes Rule [13.0 Universal Waste]. In addition to adopting regulations covering the federal universal wastes of pesticides, batteries, thermostats and mercury-containing lamps, Rhode Island has added two new wastes to its rule: cathode ray tubes and mercury-containing devices. A state may include such additional universal wastes, pursuant to the authority of 40 CFR part 273, subpart G (petition process for inclusion of additional universal wastes).

The requirements referenced above are part of Rhode Island's authorized program and are federally enforceable.

The following State requirement goes beyond the scope of the Federal program:

- Rhode Island does not provide an exemption for PCB waste that is regulated under the Toxic Substances Control Act (TSCA) as does the federal program at 40 CFR 261.8. (See Rule 3.67(L)(7)). Instead, Rhode Island regulates PCB wastes which contains polychlorinated biphenyls at a concentration of 50 parts per million or greater or shows ten micrograms per one hundred square centimeters as measured by standard wipe tests as

extremely hazardous waste under its hazardous waste program.

Broader-in-scope requirements are not part of the authorized RCRA program and EPA can not enforce them. Although you must comply with these requirements in accordance with state law, they are not federal RCRA requirements.

**I. Who Handles Permits After This Authorization Takes Effect?**

Rhode Island will issue permits for all the provisions for which it is authorized and will administer the permits it issues. EPA will continue to administer any RCRA hazardous waste permits or portions of permits which we issued prior to the effective date of this authorization. EPA will continue to implement and issue permits for HSWA requirements for which Rhode Island is not yet authorized.

**J. How Does Today's Action Affect Indian Country (18 U.S.C. 115) in Rhode Island?**

Rhode Island is not authorized to carry out its hazardous waste program in Indian country within the State which includes the land of the Narragansett Indian Tribe. Therefore, this action has no effect on Indian country. EPA will continue to implement and administer the RCRA program in these lands.

**K. What is Codification and is EPA Codifying Rhode Island's Hazardous Waste Program as Authorized in This Rule?**

Codification is the process of placing the State's statutes and regulations that comprise the State's authorized hazardous waste program into the Code of Federal Regulations. We do this by referencing the authorized State rules in 40 CFR part 272. We are today authorizing, but not codifying, the enumerated revisions to the Rhode Island program. We reserve the amendment of 40 CFR part 272, subpart OO for the codification of Rhode Island's program until a later date.

**L. Administrative Requirements**

The Office of Management and Budget has exempted this action from the requirements of Executive Order 12866 (58 FR 51735, October 4, 1993) and, therefore, this action is not subject to review by OMB. This action authorizes state requirements for the purpose of RCRA 3006 and imposes no additional requirements beyond those imposed by state law. Accordingly, I certify that this action will not have a significant economic impact on a substantial number of small entities under the Regulatory Flexibility Act (5 U.S.C. 601 et seq.). Because this action authorizes pre-existing requirements under state law and does not impose any additional enforceable duty beyond that required by state law, it does not contain any unfunded mandate or significantly or uniquely affect small governments, as described in the Unfunded Mandates Reform Act of 1995 (Public Law 104–4). For the same reason, this action also does not significantly or uniquely affect the communities of tribal governments, as specified by Executive Order 13084 (63 FR 27655, May 10, 1998). This action will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government, as specified in Executive Order 13132 (64 FR 43255, August 10, 1999), because it merely authorizes state requirements as part of the State RCRA hazardous waste program without altering the relationship or the distribution of power and responsibilities established by RCRA. This action also is not subject to Executive Order 13045 (62 FR 19885, April 23, 1997), because it is not economically significant and it does not make decisions based on environmental health or safety risks.

Under RCRA 3006(b), EPA grants a State's application for authorization as long as the State meets the criteria required by RCRA. It would thus be inconsistent with applicable law for EPA, when it reviews a State authorization application, to require the use of any particular voluntary consensus standard in place of another standard that otherwise satisfies the requirements of RCRA. Thus, the requirements of section 12(d) of the National Technology Transfer and Advancement Act of 1995 (15 U.S.C. 272 note) do not apply. As required by section 3 of Executive Order 12988 (61 FR 4729, February 7, 1996), in issuing this rule, EPA has taken the necessary steps to eliminate drafting errors and ambiguity, minimize potential litigation, and provide a clear legal standard for affected conduct. EPA has complied with Executive Order 12630 (53 FR 8859, March 15, 1988) by examining the takings implications of the rule in accordance with the "Attorney General's Supplemental Guidelines for the Evaluation of Risk and Avoidance of Unanticipated Takings" issued under the executive order. This rule does not impose an information collection burden under the provisions of the Paperwork Reduction Act of 1995 (44 U.S.C. 3501 et seq.).

The Congressional Review Act, 5 U.S.C. 801 et seq., as added by the Small Business Regulatory Enforcement Fairness Act of 1996, generally provides that before a rule may take effect, the agency promulgating the rule must submit a rule report, which includes a copy of the rule, to each House of the Congress and to the Comptroller General of the United States. EPA will submit a report containing this document and other required information to the U.S. Senate, the U.S. House of Representatives, and the Comptroller General of the United States prior to publication in the **Federal Register.** A major rule cannot take effect until 60 days after it is published in the **Federal Register.** This action is not a "major rule" as defined by 5 U.S.C. 804(2). This action, nevertheless, will be effective 60 (sixty) days after publication pursuant to the procedures governing immediate final rules.

**List of Subjects in 40 CFR Part 271**

Environmental protection, Administrative practice and procedure, Confidential business information, Hazardous materials transportation, Hazardous waste, Indians-lands, Intergovernmental relations, Penalties, Reporting and recordkeeping requirements.

**Authority:** This action is issued under the authority of sections 2002(a), 3006 and 7004(b) of the Solid Waste Disposal Act as amended 42 U.S.C. 6912(a), 6926, 6974(b).

Dated: July 6, 2002.

**Robert W. Varney,**

*Regional Administrator, EPA New England.*

[FR Doc. 02–19979 Filed 8–8–02; 8:45 am]

BILLING CODE 6560–50–M

---

**FEDERAL EMERGENCY MANAGEMENT AGENCY**

**44 CFR Part 62**

**RIN 3067–AD30**

**National Flood Insurance Program (NFIP); Assistance to Private Sector Property Insurers**

**AGENCY:** Federal Emergency Management Agency (FEMA).

**ACTION:** Final rule.

**SUMMARY:** We (the Federal Insurance and Mitigation Administration of FEMA) are changing the effective date of the Financial Assistance/Subsidy Arrangement ("the Arrangement") to October 1, 2002. The Arrangement defines the duties and responsibilities of insurers that sell and service flood insurance under the Write Your Own