# ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

May 28, 2009

**_Via Hand Delivery_**

The Honorable William E. Smith
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re:   *USA v. Southern Union Company*
        *CR No. 07-134-S*

Dear Judge Smith:

I write on behalf of Southern Union Company ("Southern Union") in response to the Court's request for a letter setting forth the Company's position with respect to the issue of whether, at sentencing, the Court may order Southern Union to perform community service; and, if so, what may be appropriate as community service under the circumstances.

At the chambers conference on April 24, 2009, the Court observed that, in this case, there are no victims and the mercury discharged by vandals has already been cleaned up at Southern Union's expense. Southern Union cleaned up its own property and then its shareholders spent approximately $6 million to clean-up the Lawn Terrace Apartments where the vandals had released stolen mercury. Southern Union was commended by the governor and regulatory authorities for the manner in which it cleaned up the Lawn Terrace Apartments and the way that it assisted, treated and compensated the tenants there. Any additional monetary fine would again be borne by the shareholders. The more appropriate sentence would be to have Southern Union employees perform community service.

For the reasons stated in Southern Union's memorandum of law on the issue of maximum fine, Southern Union believes that the maximum fine that the Court can assess against Southern Union is $50,000. Courts are allowed to suspend sentence and grant probation in accordance with 18 U.S.C. § 3651; and community service can be part of that probationary sentence with the recognition, of course, that the statutorily prescribed maximum sentence cannot be increased by the terms of probation, including community service. *United States v. Mitsubishi International Corporation*, 677 F.2d 785, 788 (9th Cir. 1982); *United States v. Atlantic Richfield Co.*, 465 F.2d 58, 61 (7th Cir. 1972). This means that any community service or combination of fine and community service cannot exceed the maximum sentence, which here is $50,000.

Exhibit 2

Case 1:07-cr-00134-S-DLM   Document 163-3   Filed 08/23/12   Page 2 of 4 PageID #: 4563

ADLER POLLOCK & SHEEHAN P.C.

The Honorable William E. Smith
May 28, 2009
Page 2

Taking into account the provisions of the Sentencing Guidelines[1], the case law authority, and the areas of concern expressed by the Court with respect to community service[2], Southern Union proposes the following community service:[3]

Southern Union employees would work with contractors and consultants to assist one or more of the following organizations:

(1) St. Joseph's Hospital Lead Paint and Heavy Metals Testing Clinic: Individuals who were potentially exposed to mercury that was discharged by the vandals in this case were tested at the St. Joseph's clinic and, therefore, community service related to that entity would be appropriate here. Southern Union employees, contractors and consultants could work with hospital officials to design programs to inform the public about the services of the clinic and to inform and educate the public about heavy metals testing, prevention of exposure to heavy metals and the need for testing in appropriate circumstances.

(2) American Red Cross, Rhode Island Chapter: Residents of the Lawn Terrace Apartments were displaced as a result of the clean-up there following the discharge of mercury by the vandals. The Red Cross, Rhode Island Chapter worked with Southern Union employees, consultants and contractors to ensure that the residents at Lawn Terrace had appropriate lodging, food and other essentials during the period of displacement. Southern Union paid for those services, lodging and accommodations. Southern Union employees, consultants and contractors could continue to work with the Red Cross in designing and

---

[1] Guideline 8B1.3 entitled *Community Service – Organizations (Policy Statement)* states: "Community service may be ordered as a condition of probation where such community service is reasonably designed to repair the harm caused by the offense." (Guidelines Manual November 1, 2008 at 498). Additionally, 18 U.S.C. § 3562 entitled *Imposition of a Sentence of Probation* sets forth factors to be considered by the court in imposing a term of probation and directs that the court shall consider the factors set forth in § 3553(a) to the extent that they are applicable. Section 3563 entitled *Conditions of Probation* in subsection (b) sets forth various discretionary conditions that the court may impose as conditions of a sentence of probation to the extent that the conditions are reasonably related to the factors set forth in § 3553(a)(1) and (a)(2), and as part of those conditions the court may impose "work in community service as directed by the court." § 3563(b)(12).

[2] The Court expressed its desire that any community service (a) be related to the facts, circumstances and nature of the offense in the case, and (b) address issues relating to one or more of the following: environmental safety, environmental clean-up, education and health (in particular, children's health).

[3] Southern Union reasonably believes that its employees' time should at a minimum be valued at $50/hour.

Exhibit 2

ADLER POLLOCK & SHEEHAN P.C.

The Honorable William E. Smith
May 28, 2009
Page 3

        implementing Red Cross displacement programs and could assist with publicity and education in regard to those programs. Community service in this regard would be reasonably related to the facts and circumstances of this case.

(3)     School Education Programs: Southern Union employees, contractors and consultants could work to help design an educational program for students that would address overall environmental awareness, dangers of heavy metals exposure, and ways to avoid exposure, etc. This proposed curriculum would be reasonably related to the facts and circumstances of this case.

Southern Union believes its proposals for community service are appropriate because, with respect to environmental crimes, the Guidelines allow the creative use of probation, including community service, to address an appropriate sentence for an organization. In fact, the Guidelines encourage courts to consider community service and provide that "[c]ommunity service may be ordered as a condition of probation in a case in which such community service is reasonably designed to repair the harm caused by the offense." Guidelines § 8B1.3.

Finally, in accordance with the Court's request that the Company and the Government discuss sentencing and seek to develop a joint recommendation, if possible, Southern Union repeatedly sought an opportunity to review and discuss the Government's position.. Unfortunately, the Government did not provide Southern Union with its proposal for community service until mid-day yesterday, May 27, 2009.[4] Consequently, Southern Union's counsel did not have time to review the Government's proposal with their client or to discuss the matter in any detail with counsel for the Government and, therefore, Southern Union is delivering its own letter to the Court with its suggestions for appropriate community service. Southern Union's counsel remains available to meet with the Court, representatives of probation and the Government to review and discuss these matters further, should the Court find it helpful to do so.

Sincerely,

*[signature]*

JOHN A. TARANTINO

---

[4] The Government's letter refers to several cases where courts imposed fines that are neither representative nor appropriate to the circumstances of this case. Southern Union will address these issues in its presentence memorandum.

Exhibit 2

ADLER POLLOCK & SHEEHAN P.C.

The Honorable William E. Smith
May 28, 2009
Page 4

JAT:dh

cc:   Terrence P. Donnelly, Esq. *(via hand delivery and e-mail)*
      Dianne G. Chabot, Esq. *(via e-mail and regular mail)*
      Kevin M. Cassidy, Esq. *(via e-mail and regular mail)*
      Heather McLoughlin, U.S. Probation Officer *(via hand delivery and e-mail)*
      Patricia K. Rocha, Esq.
      Daniel J. Fetterman, Esq.
      Gerald J. Petros, Esq.

*496837_1.doc*

Exhibit 2