# ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

May 28, 2010

***Via Hand Delivery***

The Honorable Mary M. Lisi
Chief Judge
United States District Court
for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

*Re:*   *United States v. Lei Jin, et al.*
         *CR 07-121-01ML*

Dear Chief Judge Lisi:

As a follow-up to the discussion we had at the conference on May 5, 2010, we are writing on behalf of Defendants, and with the consent of the Government, to address two issues raised by the Court:

(1) May a court order a corporate defendant to make a charitable contribution as a form of community service?

(2) Are there ethical issues that a sentencing judge should consider when a plea agreement contemplates a charitable contribution as a form of community service?

Although this letter is not meant to be an exhaustive analysis of the law on these two issues, we respond as follows.

Question 1

First, we believe that a court may order a corporate defendant to make a charitable contribution as a form of community service as a condition of probation. A number of courts had construed the former Federal Probation Act, 18 U.S.C. § 3651 (repealed Pub. L. 98-73, Title II, § 212(A)(2), October 12, 1984, 98 Stat. 1987), as prohibiting courts from imposing corporate charitable contributions as a condition of probation. The Sentencing Reform Act ("the Act"), which became effective on November 1, 1987, and which applies to offenses committed after that date, recognizes corporate probation as an important alternative to corporate fines, and establishes broader sentencing goals for probation sentences. Moreover, unlike prior law, where

Exhibit 3

ADLER POLLOCK & SHEEHAN P.C.

May 28, 2010
Page 2

probation was most often used to rehabilitate defendants, the Act authorizes probation to be used for various purposes including specific deterrence, general deterrence and punishment, as well as rehabilitation. For historical discussions of how courts analyzed corporate charitable contributions under the Federal Probation Act, *see generally*, Richard Gruner, *To Let the Punishment Fit the Organization: Sanctioning Corporate Offenders Through Corporate Probation*, 16 Am. J. Crim. L. 1 (Fall 1988) ("Gruner I"); Richard S. Gruner, *Beyond Fines: Innovative Corporate Sentences Under Federal Sentencing Guidelines*, 71 Wash. U. L.Q. 261 (Summer 1993); Mary Lou Howard, *Charitable Contributions as a Condition of Federal Probation for Corporate Defendants: A Controversial Sanction Under New Law*, 16 Notre Dame L. Rev. 530 (1985).

As the Court knows, when it decides whether to sentence a defendant to probation and, if so, determines appropriate conditions for probation, the Court must consider the nature and circumstances of the offense, the history and characteristics of the offender and the purposes of sentencing. *See* 18 U.S.C. § 3553. The statute separates conditions of probation into mandatory and discretionary ones. 18 U.S.C. § 3563. Moreover, § 3563(b) states, in pertinent part, that as a further condition of a sentence of probation, the court may require the defendant to "satisfy such other conditions as the court may impose." 18 U.S.C. § 3563(b)(22).

Additionally, § 8B1.3 of the United States Sentencing Guidelines ("the Guidelines") states as follows: "Community Service – Organizations (Policy Statement). Community service may be ordered as a condition of probation where such community service is reasonably designed to repair the harm caused by the offense." The Commentary following § 8B1.3 states that an order requiring a contribution to a charity would be inconsistent with the Guidelines "unless such community service provide[s] a means for preventive or corrective action directly related to the offense and, therefore, serve[s] one of the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." Consequently, the Guidelines allow a court to sentence a defendant to make a charitable contribution so long as the contribution provides a means for preventive or corrective action that is directly related to the offense, thereby serving one of the purposes of sentencing.

Here, this is exactly what is intended, as the Defendants intend to establish a fund at the Rhode Island Foundation ("the Foundation") and the Foundation would use the fund to provide grants and other initiatives as a means to prevent or correct the type of harm that is directly related to the offenses charged.

What the Defendants and the Government contemplate is also consistent with the February 2010 amendments to the U.S. Attorneys' Manual. The Department of Justice prohibits plea agreements, deferred prosecution agreements and non-prosecution agreement that require a defendant to pay funds to a charitable, educational, community or other organization *unless* that

Exhibit 3

ADLER POLLOCK & SHEEHAN P.C.

May 28, 2010
Page 3

entity is a victim of the criminal activity, or is providing services to redress the harm caused by the defendant's criminal conduct. Here, the contemplated community service payment, which would establish a fund at the Foundation, would meet the criteria that the funds be paid to a charitable organization and be used by that organization to provide services to redress the harm caused by the criminal conduct at issue.

Here, the contemplated plea agreement focuses on the unique characteristics of the corporate defendant and the individual defendant as well as the offense; and the charitable contribution contemplated as a probation condition would be directed to a charity (the Foundation) to be used for grants and initiatives that have a rational nexus to both the offenders and the offense. Consequently, the terms of the plea agreement not only would be consistent with the Guidelines and the relevant provisions of the U.S. Attorneys' Manual, but they would also help to avoid potential conflicts of interest or other ethical issues for the attorneys and the court. *See* Howard, at 542-43.

In sum, we believe, and respectfully submit, that the Guidelines and the U.S. Attorneys' Manual contemplate charitable contributions as a form of community service; and so long as appropriate criteria are satisfied, the Court may approve the charitable contribution as a condition of probation.

Question 2

There are potential ethical issues that a court may want to consider before accepting a plea agreement that, in part, sentences a defendant to make a charitable contribution as a condition of probation. First it is appropriate for the court to ensure that there is neither an appearance of impropriety nor a suggestion of bias in sentencing. It should be noted, however, that in appropriate circumstances (and as explained previously), courts are not precluded from including a charitable contribution as a term of a defendant's sentence and, in fact, such terms can be a useful component of plea agreements. *See* Sylvia Shaz Shweder, *Donating Debt to Society: Prosecutorial and Judicial Ethics of Plea Agreements and Sentences that Include Charitable Contributions,* 73 Fordham L. Rev. 377, 388, 391 (October 2004).

Second, we respectfully suggest that any potential ethical concerns are ameliorated here because (a) the Court is not choosing the recipient, (b) Defendants have proposed the Foundation, without objection by the Government, as the administrator of the Fund, (c) the charitable contribution is related to the crimes charged, and (d) none of the attorneys nor the Court has a connection with or interest in the Foundation.

Exhibit 3

## ADLER POLLOCK & SHEEHAN P.C.

May 28, 2010
Page 4

Additionally, because the Government and the Defendants have agreed on the amount of charitable contribution, and the independent entity (the Foundation) which will administer the Fund has no connection with any of the parties, there should be no appearance of impropriety, nor can it be suggested that the Court is using its prestige to advance private interests. *See* Howard, at 542-543. It should also be noted that the Foundation has previously administered such funds in similar situations, with great success, including the Healthy Rhode Island Fund, which resulted from the Blue Cross/Blue Shield Agreement.

For these reasons, we respectfully submit that the contemplated sentence, which would include fines and charitable contributions as community service, is consistent with the Guidelines, the U.S. Attorneys' Manual and the rules of ethics for both counsel and judges.

Sincerely,

JOHN A. TARANTINO

PATRICIA K. ROCHA

Attorneys for
GeneScience Pharmaceuticals Co., Ltd.

/s/ Anthony M. Traini (JAT)
ANTHONY M. TRAINI

Attorney for Lei Jin

cc: Adi Goldstein, Esq. *(via e-mail)*
    Brian A. Sun, Esq. *(via e-mail)*
    Harriet Leva, Esq. *(via e-mail)*

536547.1

Exhibit 3